Boyd v. Kocher.

## Jesse C. Boyd

*v.*

## Jeremiah Kocher.

31 295
25a 541

31 295
33a 77

31 295
51a 338

31 295
157 270
157 273

31 295
72a 336

1. Appeal from justices — *summons*. Where an appeal from the judgment of a justice of the peace to the Circuit Court, is perfected according to the provisions of section 60 of the 59th chapter, Rev. Stat. 1845, by filing the appeal bond in the office of the justice, no summons is required to be issued to the appellee ; each party is bound to follow up the appeal.

2. Same — *appearance — dismissal*. And in such case the appellee may, without having been served with notice of the appeal, enter his appearance in the Circuit Court, and, upon his motion, the appeal may be dismissed for want of prosecution.

3. But if an appeal be perfected under section 61 of the same chapter, by filing the bond in the office of the clerk of the Circuit Court, a summons must issue to the appellee ; in that case, the appellant using proper diligence in procuring process, the appellee, if not served with the process, would have no right, by entering his appearance, to have the appeal dismissed for want of prosecution. 19 Ill. 53.

4. 'SAME — *summons — diligence*. When it is necessary that the appellee have notice, the appealing party should use proper diligence in procuring the process, or, in case of his omission of that duty, the appellee may, without having been served with summons, by entering his appearance in the Circuit Court, hold the same position he would if duly served. *

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.

This cause was originally brought before a justice of the peace in Lee county, by Kocher against Boyd. A trial being had, the justice rendered a judgment against Boyd, the defendant below, from which he took an appeal to the Circuit Court of Lee county. The appeal bond given by Boyd, was filed in the office of the justice who rendered the judgment.

The judgment was rendered by the justice on the 24th day of March, 1860; the appeal bond was filed with the justice on the 28th day of the same month; the justice certified a transcript of the proceedings before him on April 7, 1860, and lodged the same in the office of the clerk of the Circuit Court, on the 8th day of May, 1860. The clerk docketed the appeal on the 14th day of May, 1860, that being the 8th day of the term of the said Circuit Court, then being held. Afterwards, on the same day, the appellee, Kocher, without there having been any summons issued upon the appeal, entered his appearance in the Circuit Court, and upon his motion, the appeal was dismissed for want of prosecution, and *procedendo* awarded. Boyd thereupon sued out this writ of error; and questions the judgment of the Circuit Court, in dismissing the appeal,

1. Because no summons was issued to bring the appellee into that court to receive its judgment;

2. Because, therefore, the appellee below, Kocher, was not in such position that he could have been forced to trial; and

* NOTE BY REPORTER. The act of February 22, 1861, (Acts 1861, p. 15,) provides " that in all cases of appeals from justices of the peace, perfected *ten days* before the commencement of the term in appellate court, the appearance of the appellee may be entered in writing, and be filed among the papers in the case; and if such appearance is so entered ten days before the commencement of the term, the case shall stand for trial at said term."

3. He insists that the Circuit Court erred in dismissing the appeal on the same day the suit was docketed, without the cause being called in its order for trial.

Messrs. GRAY, AVERY & BUSHNELL, for the plaintiff in error, contended that the appeal from the justice should not have been dismissed for want of prosecution, upon the appellee's entering his appearance in the Circuit Court, because he had not been served with process from that court, nor was the transcript of the proceedings before the justice, filed, nor the appeal docketed ten days prior to the first day of the term. Citing *Hooper and Hay* v. *Smith*, 19 Ill. 53.

Messrs. EDSALL, DEWOLF & PINKNEY, for the defendant in error, insisted that the appeal was taken and perfected pursuant to the provisions of Sec. 60 of Ch. 59, Rev. Stat. 1845, (Scates' Comp. 708), and therefore it was not necessary that any summons should have issued to the appellee from the Circuit Court. In such case, each party is bound to take notice of the appeal, and follow it up, the same as in cases of appeal from the Circuit Court to the Supreme Court. Citing *Wells* v. *Hicks*, 27 Ill. 345.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This record shows a case originally brought before a justice of the peace, and taken by appeal to the Circuit Court, under section 60, chapter 59, R. S. That section is as follows: "The party desiring such appeal may file his bond in the office of the justice who shall have rendered the judgment: such bond to be approved by such justice, whose duty it shall be to suspend all proceedings in the case; and if execution shall have been issued, he shall recall the same; and who shall, within twenty days after receiving and approving of the appeal bond, file the same in the office of the clerk of the Circuit Court, together with all the papers and transcripts of the judgment he had given, with a certificate, under his hand, that the said transcript and papers contain a full and perfect

statement of all the proceedings before him." Scates' Comp. 708.

It is apparent from this section when an appeal is perfected before a justice of the peace, no summons is necessary to either party. The party appealing is bound to follow up the appeal which he has himself taken, and so is the appellee, as in an appeal taken from the Circuit Court to this court.

Had the appeal been taken under section sixty-one, a summons would have been necessary, and the case might then be likened to the case of *Hooper* v. *Smith*, 19 Ill. 53.

If it was necessary to summon the appellee to the Circuit Court, it was a duty the plaintiff here should have performed, by procuring the necessary process. He did not do so, he took no steps to bring the party into court, and he should not be permitted to derive an advantage from his own omission of duty, granting that such was his duty.

In cases brought to the Circuit Court under section sixty, the parties must follow up their appeal, in the same manner as in appeals from the Circuit to the Supreme Court. The plaintiff in error not having so done, his appeal was properly dismissed. The judgment is affirmed.

*Judgment affirmed.*