CATHARINE M. ALLEN

*v.*

THE CITY OF MONMOUTH.

1. PROCESS—*whether necessary, on appeals from police magistrate.* Upon an appeal from a police magistrate to the Circuit Court, if the appeal be perfected before the magistrate, by filing the appeal bond in his office, no summons is required to be issued to the appellee; each party, in such case, is bound to follow up the appeal.

2. APPEAL FROM POLICE MAGISTRATE—*appearance—dismissal.* And in such case, when the papers are duly sent up to the circuit court, the cause docketed, and called in order for trial, and no person appearing to prosecute the appeal, it is not error to dismiss the appeal on motion of the appellee, although he was not served with notice of the appeal.

3. SAME—*application of the act of February 22, 1861.* The act of February 22, 1861, providing "that in all cases of appeals from justices of the peace, perfected ten days before the commencement of the term in appellate court, the appearance of the appellee may be entered in writing, and be filed among the papers of the case;" and that "if such appearance is so entered ten days before the commencement of the term, the case shall stand for trial at said term," does not change the rule as above laid down, in a case conditioned as this is.

4. DISMISSAL FOR WANT OF PROSECUTION—*set aside only where merits are shown.* An order dismissing an appeal in the Circuit Court for want of prosecution, will only be set aside upon affidavit disclosing merits.

5. ERROR—*discretion.* The court has a discretion to grant or refuse to set aside such an order of dismissal, and its action on a motion for that purpose, cannot, therefore, be assigned as error.

APPEAL from the Circuit Court of Warren county; the Hon. JOHN S. THOMPSON, Judge, presiding.

Catharine M. Allen was sued before a police magistrate, for a violation of the ordinances of the city of Monmouth, when a judgment was rendered against her on the 28th of May, 1863, from which judgment she appealed to the Circuit Court of Warren county, on the same day, and the transcript and papers were left with the clerk of the Circuit Court, on the 2d day of June thereafter. She perfected the appeal before the magistrate.

On the 27th of October, 1864, the defendant was called and defaulted, and the appeal dismissed, the cause having been called in its order.

On 1st November, 1864, the defendant entered her motion to set aside the default taken against her, but the court overruled the motion, and defendant excepted, and prayed an appeal to the Supreme Court.

It appears from a bill of exception, filed in the cause, that upon the hearing of the motion to set aside the default, an affidavit of the defendant's attorney was read, stating that he had been employed by the defendant to attend to her said cause in the Circuit Court. That in the practice and decisions of that court, a failure on the part of an appellant to

pay the judge's docket fee, required by the act of the legislature, was no ground for dismissing an appeal.

No docket fee was ever paid by either party until a short time before the cause was called, and defendant defaulted, when the cause was placed on the judge's docket, but never was placed on the bar docket, and was not on the bar docket at the time the motion to set aside the default was made and determined.

That the attorney had been watching for the cause, and had gone out a short time, when other business was occupying the attention of the court, when he afterwards understood the case was called up, and defendant defaulted, and that as soon as he discovered that a default had been taken, he made a motion to set aside the default.

The city attorney filed his affidavit, stating that defendant's attorney's partner was present, at the time the defendant was called, and defaulted.

To this, a counter affidavit was filed by attorney for defendant, setting forth, that at the time of the employment of him, by defendant, he had no partner, and that his then partner, so far as he knew, knew nothing about the case, and had nothing to do with it.

This was all the evidence.

No other order appears in the case.

The cause is brought here by appeal, and the following errors assigned:

1.   The court erred in defaulting appellant and dismissing her said appeal.

2.   The court erred in refusing to set aside said order dismissing said appeal upon the affidavits, and for the reasons stated.

3.   The proceedings are otherwise informal and erroneous.

Mr. A. G. KIRKPATRICK for the appellant:

1.   This case, so far as the appeal is concerned, is governed by the act of 1861, (Session Laws, 15,) appeals from

police magistrates being allowed in the same manner as appeals from justices of the peace. (Session Laws, 1854, 13.)

The act of 1861 is entitled, "An act to change the practice in appeal cases," and provides " that in *all* cases of appeals from justices of the peace, perfected ten days before the commencement of the term in appellate court, the appearance of the appellee may be entered in writing, and be filed among the papers in the case; and if such appearance is so entered ten days before the commencement of the term, the case shall stand for trial at said term."

If it was intended to apply simply to appeals taken before clerks of Circuit Courts, it would have said so; but it says *all* cases.

It was intended to be a mutual thing, and appellee was not, until he was in court, in a position to take any steps against defendant. *McConnell* v. *Fulton*, 19 Ill., 570.

Now the design of the legislature evidently was, that the appellee should in *all* cases be brought into court, otherwise the provision authorizing the appellee to enter his appearance would be without design or effect; and the further provision, that in such instances, "the case shall stand for trial at said term" would have no meaning.  It would not be "an act to change the practice in appeal cases," but leave the practice just as it was before, except to authorize the appellee to do a certain act which he was not bound to do in order that the case should "stand for trial."  We, therefore, think that the appellee was bound to enter his appearance ten days before the commencement of the term in order to force the appellant to trial.  This he did not do; nor was he before court in any other manner whatever, so that appellant had no notice that appellee intended the case should be tried.

The case of *Boyd* v. *Kocher*, 31 Ill., 295, was decided under the law as it stood prior to the passage of the act of 1861, and, as would appear from the note of the reporter thereto, in full view of the fact that the law had been changed.  The law of 1861 was passed for the purpose of preventing just such a surprise as has been taken here upon the appellant.

The Circuit Court should have set aside the default in this case, for the foregoing reason, as well as the reason that the default was a surprise upon the appellant. It was taken at a time when her attorney was absent a short time from the court room, when the case had never been placed upon the bar docket, and had just been placed upon the judge's docket. The appellant had in the meantime performed every act necessary for her to do by the rules of the court, and if she did not pay the docket fee, and have the case entered upon the docket, that was no reason, under the practice in that court, why her rights should be prejudiced. It is true that this was a matter addressed to the discretion of the court. But it is a discretion which should be exercised according to the rules of justice and equity, and courts of justice should not allow a party to be turned out of court by a surprise, such as was taken upon appellant here.

Mr. F. F. BROWER for the appellee:

1. The statute of 1861 has no reference to appeals taken and perfected before justices of the peace or police magistrates. It refers wholly to appeals perfected in "appellate court."

It was no error in court below to allow appellee to put the case on docket and dismiss the appeal at the term at which it was dismissed. *Boyd* v. *Kocher*, 31 Ill., 295.

2. The statute of 1861 has no reference to appeals from police magistrate courts; it only refers to appeals from justices of the peace, and could affect in no way appeals from police magistrates, unless they were specially named therein. *Newkirk* v. *Chapron*, 17 Ill., 344.

3. The statute of 1861 refers only to the manner in which an appeal case may be heard in the appellate court, at the first term of court after the appeal is taken, and not to subsequent terms of court.

4. The other matters presented by the record in this case are questions to be decided entirely at the discretion

of the court below, and not properly noticeable by this court. *City of Chicago* v. *Adams*, 24 Ill., 492; *Erissman* v. *Erissman*, 25 Ill., 136.

Messrs. STRAIN & KIDDER, also for the appellee, presented the following:

1. The court properly defaulted appellant and dismissed her appeal.

This was an appeal from the police magistrate of the city of Monmouth, and perfected according to the provisions of section 60 of the 59th chapter Revised Statutes, 1845, by filing the appeal bond in the office of the police magistrate, and no summons is required to be issued to the appellant. Each party is bound to take notice of and follow up the appeal, and both parties are to be considered in the appellate court at all times and for all purposes. *Boyd* v. *Kocher*, 31 Ill., 295; *Wells* v. *Hicks*, 27 Ill., 343.

The appellant insists that the act of 1861, entitled "An act to change the practice in appeal cases," (Session Laws, 15,) which provides "That in all cases of appeals from justices of the peace perfected ten days before the commencement of the term in the appellate court, the appearance of the appellee may be entered in writing, and be filed among the papers in the case; and if such appearance is so entered ten days before the commencement of the term, the case shall stand for trial at said term," has changed the practice in regard to this class of cases.

Now the act of 1861 no where provides that a summons shall issue to the appellee, in any case, by direct terms or by any reasonable implication. It is evident that it was the design of the legislature to leave the law as it stood by chapter 59, Revised Statutes, 1845, as to issuing a summons to the appellee. And only in that class of cases provided for by section 61, chapter 59, Revised Statutes, where the appeal is perfected by filing the appeal bond in the office of the clerk of the Circuit Court, was it and is it now necessary that a summons to the appellee should issue.

And that the entering of the appearance of the appellee in writing and filing the same among the papers of the case ten days before the commencement of the term in the appellate court, in order to have the same stand for trial at such term, is now necessary only in all cases of appeal of the latter class, when the proper summons had not been issued or service had not or could not be made on the appellee.

In the first class of cases, the appellee is at all times and for all purposes in the appellate court, and bound to take notice of and follow up the appeal. There is no necessity whatever for summons to the appellee to bring him into court, when he is in court by operation of law. There is nothing in the opinion of the court in the case of *Boyd* v. *Kocher*, 31 Ill., 295, to indicate that the law had been changed in regard to that class of cases.

2. The court properly refused to set aside said order of default dismissing said appeal on the case made by the affidavits.

The judgment before the police magistrate was rendered against appellant May 28, 1863, and the appeal taken and transcript and papers filed with the clerk of Circuit Court June 2, 1863. Great delay followed. Two terms of the Circuit Court passed, and until the third term no attempt was made by appellant to put the case on the docket by paying the docket fee required by the act of the legislature. Nor did appellant's counsel, by any act, make it known to the appellee's counsel that he was acting as appellant's counsel or had anything to do with the said appeal until three days after the default, and order dismissing the appeal was entered. The partner of appellant's counsel was present in court attending to their business—but this retainer was so private that even the partner could not know it. (See affidavit of Almon Kidder, appellee's counsel, on file.)

The affidavits of appellant's counsel on file no where show or allege that appellant was not guilty of the charges preferred, or had any defence of any kind to the same, while

the affidavit of appellee's counsel on file showed to the court that the appellant was engaged in the unlawful selling of intoxicating liquors. That the prosecution was commenced against appellant for selling intoxicating liquors to some small boys, whereby they became intoxicated. That appellant was guilty of the charges preferred beyond doubt. It was a matter entirely in the discretion of the court to set aside the default and order dismissing the appeal on the case made by the affidavits, and failure of appellant to docket the appeal and prosecute it with effect. And a sound discretion was exercised by the court in refusing to set aside such default when it appeared to the court that appellant was guilty of the charges preferred, and had failed to docket the case for trial.

Mr. JUSTICE BREESE delivered the opinion of the court:

This was a prosecution before the police magistrate of the city of Monmouth, in the county of Warren, for a violation of certain ordinances of that city. The magistrate found the defendant guilty and rendered a judgment against her, from which she took an appeal to the Circuit Court, executing the appeal bond before the magistrate. The transcript and papers were duly sent up to the Circuit Court on the 2d day of June, 1863, the conviction having been had on the 28th day of May preceding.

When the cause was regularly called for trial in the Circuit Court, at the October term thereafter, and no person appearing for the appellant, the appeal was dismissed and a *procedendo* awarded.

At the same term, the defendant entered her motion to set aside this order of dismissal and reinstate the cause on the docket, which motion the court denied, to which the defendant excepted, and appealed to this court.

The motion to set aside the order dismissing the appeal was based upon the affidavit of appellant's attorney, that he had been "watching" the case, and had gone out of court a

short time when other business was occupying the attention of the court, when he afterwards understood the case was called up, and defendant defaulted, and as soon as he discovered this, he made the motion to set aside the default.

The record shows that the cause was not called up out of its order, but was called for trial, and no person appearing for the appellant, the court could not do otherwise than dismiss the appeal. The appeal having been perfected before the magistrate, it was not necessary a summons should have issued to the appellee. The party appealing is bound to follow up his appeal, and so is the appellee as in an appeal taken from the Circuit Court to this court. *Boyd* v. *Kocher*, 31 Ill., 295.

We do not perceive that the act of 1861 changes this rule, the position in which this case stood being considered. It was regularly called for trial, and no appearance by the appellant.

The affidavit on the motion to set aside the default does not show any merits. In such motions, the court has a discretion to grant or refuse them, and its action on the motion cannot, therefore, be assigned as error. *Ferguson* v. *Miles*, 3 Gilm., 363.

The point is not made here, as to the propriety of dismissing the appeal where the docket fee is not paid by appellant, so as to entitle him to place his cause on the docket. In the case of *Edwards* v. *Dooling*, decided at Springfield, January term, 1865, this court held, where the docket fee was paid by appellee, for the purpose of placing the cause on the docket, it was irregular to dismiss the appeal before a rule *nisi* is taken against appellant to the effect, if he did not refund the docket fee to appellee, by a day named, the appeal should be dismissed.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*