JOAQUIN HOHMANN

*v.*

FREDERICK EITERMAN.

1. APPEARANCE—*in appeal case.* Where the appellee, in an appeal taken from the judgment of a justice of the peace, files a trial notice with the clerk, under the rules of the court, this, independent of statutory provision, is a full appearance and submission to the jurisdiction of the court, and will obviate the necessity of service on the appellee.

2. SAME—*statute construed.* The 68th section of the chapter of the R. S. of 1874, entitled "Justices of the Peace and Constables," does not exclude the common law modes of entering an appearance in a case, but only provides a mode of entering it in vacation.

3. PRACTICE—*filing papers.* Where a notice required by rule of court is actually filed and placed among the other papers in a case, the fact the clerk has omitted to mark it as filed, will not invalidate the notice. If the opposite party knows of its being in the papers, this is sufficient.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. M. MARX & SON, for the appellant.

Messrs. ALLEN, BARMM & ALLEN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellee sued appellant, before a justice of the peace of Cook county, and recovered a judgment against

him.   He thereupon prayed and perfected an appeal by filing a proper bond, in due time, before the justice, who lodged the papers in the Superior Court, as required by the statute. Afterwards, and on the 24th day of December, 1875, plaintiff filed what is, by the rules of the court, denominated a trial notice.   It was entitled of the cause, with the docket number, and requested the clerk to place the cause on the trial docket for the January term, 1876, and was signed by plaintiff's attorneys.

On the 28th day of April, 1876, being about four months after the cause was placed on the trial docket, both parties were in court, expecting the case to be reached in the call then progressing.   In the afternoon of that day, counsel for defendant was called into another court, and, about 4 o'clock in the afternoon, the case was called for trial and submitted to a jury, in the absence of defendant, his attorney and witnesses.   The jury found a verdict for $147, for plaintiff, on which judgment was rendered.

A motion to set aside the judgment and reinstate the cause on the docket was entered, but it was subsequently overruled, to which defendant excepted, and brings the case to this court by appeal, and asks a reversal.

There was no service on appellee, in the court below, and it is claimed that, without such service, or the entry of an appearance in writing at least ten days before the term at which the trial was had, the court had no jurisdiction of the person of defendant, and should therefore have set aside the judgment and reinstated the cause.

The 68th section of the chapter entitled "Justices of the Peace and Constables," provides that, where service is not had on appellee, he may enter his appearance ten days before the term, and have a trial.   The appearance is required to be in writing, and filed with the clerk, and placed among the papers in the case, and the question is, whether the filing of the notice to place the case on the trial docket, was an appearance.

Independent of statutory provisions, we have no doubt this was a full appearance and submission to the jurisdiction of

the court by the plaintiff; and, having entered a full appearance, no possible reason is. perceived why he should be served with process. Its only office is to bring parties before the court who are not subject to its jurisdiction. A voluntary appearance, then, dispenses with the necessity of process or service.

When appellee filed the trial notice, it was for.the purpose of having a trial at the earliest period that the business of the court would permit, and he could not move to place the cause on the trial docket until he was in court; nor did he limit his appearance when he filed his motion. And defendant must have understood appellee was in court, as the record fails to show that he sued out a summons after the appearance was entered, or any effort was made to procure service. But it seems to us to be too obvious, that there was an appearance, to render anything more than a mere statement of the facts necessary to demonstrate the proposition.

It is said the trial notice was not marked filed, although it was in fact filed with the clerk on the day of its date. The bill of exceptions, however, does not state that it was not placed among the other papers in the cause. If there, then it was the duty of appellant to see and know the fact, and if he did, then the paper answered every purpose it would have done had the clerk performed his duty, and marked it filed. Seeing the case on the trial docket, it is reasonable to suppose appellant looked to see by what authority the clerk had placed it there, and we presume he did examine the notice, as he and his attorney were present, watching the case, on the forenoon of the day of the trial. If he knew the paper was on file, as we must presume he did, then he waived the objection that it was not marked filed, as he made no motion to have the case transferred to the general calendar. He probably made no such motion, as he knew that the other party would have applied for, and obtained leave, to the clerk, to mark it filed *nunc pro tunc*, and he would have accomplished nothing by such a motion.

The 68th section does not exclude the common law modes

of entering an appearance in a case, but only provides a mode of entering an appearance in vacation. But even if it did, this was an appearance by appellee, in writing, filed with the clerk, and placed among the papers of the case, and fully conforms to the substantial requirements of the section.

. We perceive no error in the record, and the judgment of the court below is affirmed.

*Judgment affirmed.*