## THE SINGER MANUFACTURING COMPANY

*v.*

### MARY E. MAY.

1. NEW TRIAL—*trial without party's presence or knowledge.* In order to entitle a party to have a verdict set aside and a new trial awarded, where the trial was had in his absence, but on the regular call, he must show that he exercised proper diligence to avoid the result, and it must also affirmatively appear that injustice has been done.

2. An affidavit for a new trial, made by an agent of a corporation defendant, that he understood certain attorneys had charge of the case taken to the circuit court by appeal, without showing how he obtained such understanding, and which fails to state he or any other agent ever spoke to the attorneys to defend, or that any preparation for trial was made, the attorneys denying that they ever were employed, fails to show diligence, or any ground for giving a new trial.

3. APPEARANCE—*presumption in appeal case.* Where an appeal case—the appeal being perfected before the justice—is placed upon the trial calendar in the courts of Cook county, it will be presumed that the appellee, the plaintiff, entered his appearance ten days before the term, unless the bill of exceptions, taken on a motion to set aside a verdict on an *ex parte* trial, shows when it was entered.

APPEAL from the Circuit Court of Cook County; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. ELDRIDGE & TOURTELLOTTE, for the appellant.

Messrs. CAULFIELD, PATTON & HONORE and Mr. JOHN W. SHOWALTER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the early part of July, 1874, appellee commenced a suit before a justice of the peace of Cook county against appellant, and on a trial recovered a judgment for $35 and costs of suit. Defendant perfected an appeal to the circuit court of that county, and at the March term, 1876, the cause being regularly called and no one answering for defendant, the case was tried by a jury, when a verdict was rendered for plaintiff, for the sum of $175 and costs of suit. During the term defendant entered a motion to set aside the verdict, and for a new trial, but the court overruled the motion, and defendant appeals.

On the hearing of the motion appellant read affidavits in support thereof, from which it appears that the agent understood that a firm of attorneys had charge of the case, but the attorneys claim they were not retained for the purpose; that through this misunderstanding the company had no notice that the cause was in the call, or even on the calendar, and knew nothing whatever of any action in the case until informed by the attorneys of the company in several other cases, but who were not in this case, that the judgment had been rendered; that the transaction out of which the suit originated, as is stated in the affidavits, was a contract for the company to furnish to appellee a sewing machine worth $85, for the term of fifteen months, she to pay certain sums monthly as rent; that the machine was furnished to her in April, 1874, and, not complying with the agreement, it was agreed, in June following, that the company should take the machine into possession, and that future arrangements were to be made by which it should be restored to appellee, but which never were made by her, and she in the early part of July following brought this suit.

The question presented by this record is whether appellant has shown diligence in preparing for trial in the court below. We see from the affidavit of the agent that he understood that certain attorneys had charge of the case,

but they deny they ever had.   He does not explain how he obtained that understanding, nor does he show that he or any other agent of the company ever spoke to them or any other attorney on the subject of retaining them.   There is nothing appearing that any, the slightest, effort was ever made to employ counsel, or in fact to make any preparation for a trial.   It seems after the appeal was taken no further attention was given to the case.

It is true, according to the statements in the affidavits, the judgment appears to be very large, but we can not know but the evidence adduced before the jury may have required it, and such is the presumption until rebutted.

The affidavit does not state that appellee had no other claim against appellant.   It states that she had this claim, growing out of the agreement, but does not negative other claims and demands.   In such a case as this, the party, to show an abuse in the discretion of the court, requiring a reversal, must show that there has been exercised proper diligence to avoid the result, and it must affirmatively appear that injustice has been done.   In these particulars these affidavits are entirely wanting.

The appeal in this case was perfected before the justice of the peace, and according to the case of *Boyd* v. *Kocher*, 31 Ill. 295, appellee was in court, and a summons was not required.   And the case appearing on the trial calendar, the presumption is that she must have entered her appearance to have it placed there, and, if so, that would be a sufficient appearance if more than ten days before the term.   And as the want of a proper appearance was assigned as one of the reasons for setting aside the verdict, and the bill of exceptions fails to show the appearance was not in time, we must presume it was, and the court acted properly in disallowing that as a ground for setting aside the verdict.   Perceiving no error in this record, the judgment of the court below must be affirmed.

*Judgment affirmed.*