88   299
135   461

88   299
36a  427

88   299
59a  397

88   299
64a  347

88   299
72a  336

ISAIAH REIMAN

*v.*

T. J. ATER   *et al.*

1.   APPEAL—*when it lies from justice's court.*   Under our statute an appeal lies, in all cases, from the judgment of a justice of the peace, except on a judgment confessed, and, consequently, it lies from a judgment of the justice dismissing a case for want of prosecution, and for the costs.

2.   SAME—*duty of other party to follow case.*   Where an appeal by the plaintiff from a judgment of a justice of the peace dismissing the suit, is perfected before the justice, it is the duty of the defendant to follow the case to the circuit court, without notice or service of process.

3.   PRACTICE—*when case is tried out of its order.*   If a cause is tried out of its order on the docket, in the absence of the defendant, on the day before it is set for trial, a motion should be made for a new trial, and the motion and grounds therefor embodied in a bill of exceptions.

4.   SAME—*record as showing case tried before day set.*   A case was tried on the fourth day of the term, and all that the record disclosed was a statement that the cases were set for trial, the common law cases from No. 182 to 538 for the first day, No. 542 to 599 for the second day, thus dividing the docket for the several days, placing No. 691 for the fifth day, and in the title of the case tried was the number 691, opposite the title on the margin of the transcript, but whether this was the number of the case on the justice's docket, it being an appeal, or the number in the circuit court, did not appear, and the statement did not say when, by whom, or in what manner the division of the causes was made, and it did not appear that it was a copy of anything in the record of the court:   *Held*, this was not sufficient to overcome the presumption that the court did its duty in trying the case on the proper day.

5.   SAME—*court may try cases out of their order.*   The statute gives the circuit court the discretionary power to try cases out of the order in which they

stand upon the docket, and until rebutted this court will presume the discretion was properly exercised.[*]

WRIT OF ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. REED & BARRINGER, for the plaintiff in error.

Mr. A. T. PIPHER, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is objected that an appeal does not lie from a judgment of a justice of the peace for costs, on a dismissal of the case for want of prosecution. The 62d section of the Justice of the Peace act provides, that appeals from judgments of justices of the peace to the circuit court shall be granted in all cases, except on judgment confessed, etc. This was a case, and not a judgment confessed, and is manifestly within the language and spirit of the section, and the appeal was properly taken, and under the statute and decisions of this court defendant was bound to follow the case to the circuit court, as the appeal was perfected before the justice of the peace. *Boyd* v. *Kocher,* 31 Ill. 297; *Fix* v. *Quinn,* 75 id. 232.

It is claimed that the court below erred in trying the case out of the order in which it was set for trial. It is claimed that the case was set for the fifth and tried on the fourth day of the term. All that the transcript discloses on the subject, is a statement that the cases for the term were set for trial, the criminal causes for the first day, and common law causes from No. 182 to 538 for the first day, from No. 542 to 599, inclusive, for the second day, thus dividing the docket for the several days, until the ninth. It is claimed this case was thus included in the call for the fifth day. This statement does not say when, by whom, or in what manner this division was

[*]See, also, *Smith* v. *Third National Bank of St. Louis,* 79 Ill. 118; *Griswold* v. *Shaw et al.* id. 449; *Gardner et al.* v. *Baker et al.* id. 448; *Clark et al.* v. *Marfield,* 77 id. 258.

made, nor does it appear that it is a copy of anything appearing on the records of the court. It appears only to be a statement of some one, but it does not indicate whether of the clerk or some other person. It does not purport to have been copied from the record. Usually, such matter can only be brought into and made a part of the record by bill of exceptions. It does not even give the title of the case as it appears on the docket, with its number, under a heading of the day set for trial.

Again, there is nothing to show, in this transcript, what was the number of the case. All we find is the title of the case, with the figures "691" opposite, on the margin of the transcript. There is no word or contraction of a word connected with the figures, to indicate for what they are intended; but as the case was, at the beginning of the justice's transcript, entitled, and opposite, on the margin, we find "No. 691," we presume it was the number on the justice's or the circuit court docket—but there is nothing to show which was intended.

As the presumptions are all in favor of the correctness of the proceedings of the circuit court until overcome by the record, we would not be warranted in reversing on this record. The statute gives that court the discretionary power to try causes out of the order in which they stand on the docket for trial, and until rebutted we must presume the discretion was properly exercised. If plaintiff in error relied on this objection, he should have moved for a new trial, and embodied his motion and the grounds therefor in a bill of exceptions, so that the record would have shown whether there was such an abuse of discretion as required the judgment to be reversed.

The judgment of the court below is affirmed.

*Judgment affirmed.*