HENRY LAWLER

*v.*

JOHN GORDON.

APPEAL *from county court to circuit court — dismissal for want of prosecution.* On an appeal from the county court to the circuit court by the defendant in the suit, it is his duty to be present in court and ready for trial on the call of the case when regularly reached on the docket, and if he neglect this duty his appeal may properly be dismissed for want of prosecution, and this, notwithstanding the cause may be at issue.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. DUMMER, BROWN & RUSSELL, for the plaintiff in error.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In this case an action was brought in the county court, and on a trial plaintiff recovered a judgment for $480. Defendant thereupon appealed to the circuit court. The case stood on the docket of that court until the 20th day of November, 1876, when the appeal was dismissed for want of prosecution. On the 28th of the same month defendant entered a motion to set aside the order dismissing the appeal, which was overruled by the court, and defendant prosecutes this writ of error.

The affidavit on which this motion was based fails to show any kind of diligence. Appellant stated in his affidavit that he was in the court a few days before the 20th of November, to inquire when his cause would be reached, so as to prepare for trial, and was informed by his attorney that the call of the criminal docket would continue on the 20th, and that affiant need not be present on that day. But the civil docket was unexpectedly called on that day, and his suit was called whilst he was absent from town; that he believed he had a meritorious defence to a part of the demand against him, etc.

A party having a suit in court must be prepared for trial when it is regularly reached. He has no right to expect the court to delay its business to suit his convenience. In this case there does not appear to have been the slightest effort to prepare for trial. He, when he took the opinion of his attorney as to when the cause would be reached, did so at his peril. He does not show he had witnesses or had subpœnaed them, or in fact had made the slightest preparation for trial. There was none, the slightest abuse of discretion in the court refusing to set aside the default and dismissal of the appeal.

It is, however, urged, that as the case was pending and at issue, the court had no power to dismiss the appeal; that the correct practice required the court to have called a jury, and that the plaintiff prove his cause of action; that until the plaintiff should prove a case against him he was required to do nothing in the case, and he could be in no default before plaintiff established his cause of action.

In support of the action of the court below, we are referred, by counsel for defendant in error, to the cases of *Boyd* v. *Kocher*, 31 Ill. 295, and *Allen* v. *The City of Monmouth*, 37 id. 372. These cases were appeals from justices of the peace to the circuit court, and by the defendants in the cases, against whom the justices had rendered judgment. The law relating to such appeals provided that there should be a trial *de novo*. So the cases are similar, as to the parties appealing and as to the law requiring a trial *de novo*.

It is urged that this case was at issue, but it may be replied that in the cases above referred to the law regards them, being before justices of the peace, in which defence was made, as being at issue. In this there was no material distinction between this and those cases. There, as here, appellant bound himself to prosecute his appeal with effect. The mere execution and filing of an appeal bond does not discharge that obligation. It imposes the duty of being present, ready for trial when the cause is called regularly for trial, and not only so, but to change the result of the trial in the court below. Here, the case was regularly called for trial; plaintiff in error was not present, and failed to be present to prosecute his appeal by defending his suit. Had he been present when the appeal was dismissed it might have been otherwise. *Langenham* v. *Stickney*, 90 Ill. 361.

We regard the cases referred to above as being decisive of this case, and the judgment of the court below is affirmed.

*Judgment affirmed.*