480 BURNS *v.* NICHOLS *et al.* [Sept. T.

Opinion of the Court.

EDWARD BURNS

*v.*

THOMAS NICHOLS *et al.*

1. APPEAL—*jurisdiction when parties appear and go to trial.* Where an appeal from a justice of the peace is perfected by filing bond in the office of the circuit court, and the papers and transcript filed, if the parties voluntarily appear in the circuit court during term time, and, without objection, waive a jury, and go to trial without any service of process on the appellee or entry of appearance, in writing, ten days before the term, the court will have jurisdiction, and its judgment will be valid and not even erroneous.

2. BURDEN OF PROOF—*to show warranty.* Where the purchaser of an animal resists payment of the price agreed to be paid therefor, upon the ground of a warranty of soundness, and a breach of the warranty, the burden of proof is upon him to show the warranty.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. ANDREW M. RORKE, for the appellant.

Mr. HENRY M. BACON, for the appellees.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

It is contended by appellant, that the judgment of the circuit court should be reversed, upon two grounds: First, for the reason the court had not acquired jurisdiction of the persons of appellees at the time a trial was had, in the mode prescribed by the statute; and, second, the court erred in overruling a motion for a new trial.

The action, as appears from the record, was commenced originally before a police magistrate of Cook county, where appellees recovered a judgment. On the 17th day of October, 1876, appellant appealed to the circuit court, and on the 4th day of November, 1876, filed a bond and all the papers in the case, and a transcript of the judgment, with the clerk of the court. No summons was served upon appellees, nor did they

enter their appearance in writing, as provided in sec. 68, Rev. Stat. 1874, p. 648, but at the April term, 1877, of the circuit court, and on the 15th day of May, appellant and appellees appeared in open court, and agreed that the cause should be tried by the court without the intervention of a jury. A trial was thereupon had on that day, without objection from either party, and a judgment rendered in favor of appellees for $50.

Sec. 68, chap. 79, Rev. Stat. 1874, p. 648, provides, when an appeal has been taken, by filing bond with the clerk of the circuit court, the appearance of the appellee may be entered in writing, and filed with the papers; and if so entered ten days before the first day of the term, the cause shall stand for trial at that term. But this statute does not preclude a party from entering an appearance in any other mode known to the law. *Hohmann* v. *Eiterman,* 83 Ill. 92.

At common law, the parties had the right to appear in court, waive process, and submit themselves to the jurisdiction of the court, and proceed to a trial; and the judgment of the court, where that course was pursued, would be as valid as if the parties had appeared after process duly issued and served. Here, the parties, both appellant and appellees, appeared in court, and by agreement submitted to a trial. This would have given the court jurisdiction of the person, and having jurisdiction of the subject matter, the judgment of the court would be in all respects valid.

In regard to the other point, the theory of appellant is, the cows he bought were warranted to be sound, but they turned out otherwise. As appellant set up a warranty of the cattle, the burden of proof devolved upon him, and if he failed to establish a warranty by a preponderance of the evidence, the motion for a new trial was properly overruled. It is true, appellant testified that appellees warranted the cows to be sound, but appellees, in express terms, deny that they made any warranty whatever, and say the two cows were sold at the stock yards to appellant as "crippled cattle." The witnesses were before the court on the trial of the cause, and it

was for the court, sitting as a jury, to determine which one of the witnesses was entitled to the most credit. This the court did, and so, as is shown by this record, the court decided right.

There was clearly no preponderance of the evidence in favor of appellant, and under the evidence we do not see how the court could render a different judgment.

We perceive no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*