Bessey v. Ruhland.

## G. BESSEY
### v.
## J. B. RUHLAND.

*Practice—Appeals—Dismissal of—Preliminary Call—Justices—Sec. 68, Act of 1872—Reinstatement.*

1.   In the absence from the record of a rule of court warranting such action, an appeal should not be dismissed on a preliminary call.

2. This court holds the clause in Sec. 68, act of 1872, requiring a written appearance ten days before the term by the appellee, to apply only to appeals taken by filing a bond with the clerk, and not to those taken by filing a bond with the justice.

[Opinion filed April 17, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Mr. ELBRIDGE HANECY, for appellant.

At the time the appeal was dismissed in this case, appellee Ruhland had never filed his appearance. In Lehman v. Freeman, 86 Ill. 208, the court says: "As a general rule of practice, a party in court can not force his adversary to act until he himself is in a condition to be forced to proceed."

The Singer Manufacturing Company v. May, 86 Illinois, page 398, was an appeal from the justice of the peace, and the appeal was perfected before the justice. The court says at the bottom of page 400: "And the case appearing on the trial calendar, the presumption is that she must have entered her appearance to have it placed there, and, if so, that would be a sufficient appearance *if more than ten days before the term.* (The italics are ours.) And as the want of a proper appearance was assigned as one of the reasons for setting aside the verdict, and the bill of exceptions fails to show the appearance was not in time, we must presume it was, and the court acted properly in disallowing that as a ground for setting aside the verdict." See also Hooper v. Smith, 19 Illinois, page 53.

In the case of McVey v. Hnott, 11 Ill. App. 203, the court says: "It will be observed that not only must the appearance of the appellee be entered in writing, but the paper by which such entry of appearance is made must be filed with the papers in the case; the design of these provisions is quite obvious. It is not merely to bring the appellee within the jurisdiction of the court, by a voluntary appearance, but also to place the evidence of such appearance on file, where

Bessey v. Ruhland.

it will be seen and known by the other party, so that he, for at least ten days before the term, may have notice of the fact that the cause is in a condition to be forced to trial."

The court also holds, in this case, that the payment of the appearance fee is a condition precedent to the right of appellee to enter his appearance in the case. See also Norton v. Allen, 12 Ill. App. page 592; see also Odd Fellows Benevolent Society v. Alt, 12 Ill. App. page 570; The Chicago Dredging and Dock Company v. McCarty, 11 Ill. App. page 552; McMullen v. Graham, 6 Ill. App. page 239; Pratt v. Bryant, 2 Ill. App. 314. Section 68, Chap. 79, Justices, etc., Revised Statutes of Illinois, is as follows: "In case the appeal from the justice of the peace is perfected by filing the papers and transcript of judgment ten days before the commencement of the term of the court to which the appeal is taken, the *appearance of the appellee may be entered in writing and filed among the papers* in the case; *and if so entered ten days* before the first day of the term of court, the case shall stand for trial at that term." That is the only law that authorizes the court to dismiss the appeal for want of prosecution; it prescribes what shall be done; that the appearance shall be in writing and filed among the papers; under that section *the appearance of the appellee must be in writing, and filed among the papers in the case;* and if so entered ten days before the first day of the term, the case shall stand for trial, etc. Until that has been done the court has no jurisdiction of the persons, and can not dispose of the case; this statute applies as well to appeals perfected before the justice, as to cases where the appeal is perfected in the court above.

Mr. D. M. Kirton, for appellee.

Gary, J. This was an appeal to the Circuit Court, by the then defendant, now appellant, from a judgment of a justice of the peace, taken by filing the appeal bond with the justice. The appeal was taken December 1, 1882, but the papers were not filed in the Circuit Court until September 28, 1887. May

7, 1888, on a first or preliminary call, on motion of the appellee, and without any appearance in the case by the appellant, the appeal was dismissed, and costs and damages adjudged against the appellant. At the same term he moved the court to set aside the judgment and reinstate the case, which motion, after being continued, was denied at the July term. The appellant excepted and brings this appeal.

It is quite sufficient to sustain the error first assigned, " the court erred in dismissing the appeal on a preliminary or first call," to cite the cases Killian v. Clark and Titley v. Kaehler, 9 Ill. App. 426 and 537, which hold that unless the record shows some rule of court, such as received the sanction of the Supreme Court in Hinkley v. Dean, 104 Ill. 630, the action of the Circuit Court is erroneous. If the question were here an original one, my view of the law would be, that all presumptions are in favor of the correctness of the judgment of the Circuit Court, until the error is made to appear on the record, and that, as this court has judicial knowledge that such a rule, under the authority of the case last cited, would justify the action of the court, its existence would be presumed, unless the record showed the negative. Teerney v. People, 81 Ill. 411; Herman v. Pardridge, 79 Ill. 471; Morton v. People, 47 Ill. 468; Reiman v. Ater, 88 Ill. 299; Schmidt v. Braley, 112 Ill. 48.

But I do not regret finding that assignment of error thus sustained and that on the principle, *stare decisis*, they govern the present case. Hopkins v. McCann, 19 Ill. 113; Frink v. Darst, 14 Ill. 304. My reasons for being satisfied with the result are forcibly stated by Mr. Justice McAllister in the one, and Mr. Justice Bailey in the other of those cases in 9 Ill. App.

This opinion might end here with an order reversing the judgment, but the principal question made by the appellant and of most general interest, is upon Sec. 68 of the act of 1872, concerning justices. It is true that in Hayward v. Ramsey, 74 Ill. 372, the Supreme Court, as a ground for their decision that the appeal must be perfected ten days before the term, applied that part of this section which relates to

filing the papers and transcript ten days before the term, to appeals taken by filing the bond with the justice. In that case the appeal was taken before the justice, after the term had begun.

There is no statutory provision except in Sec. 68, and before 1861 there was none at all, by which the time when an appeal case shall or should get into the Circuit Court, to be in order for trial at any term, is or was fixed. In Boyd v. Kocher, 31 Ill. 295, before the adoption of the present Sec. 68, where the papers were filed during the term, though the appeal was taken before the justice six weeks before, it was held that it was rightly dismissed for want of prosecution, on motion of the appellee.

In Allen v. Monmouth, 37 Ill. 372, after the present Sec. 68 was in force, it was held that an appeal taken before the justice, which had been pending in the Circuit Court nearly a year and a half, but in which the appellee had never entered any appearance, been summoned, or anything been done as a substitute or equivalent for such appearance, was rightly dismissed when called in its order for trial, the appellant not being present to prosecute it. It is necessary to a full understanding of that case to get the facts from the briefs of counsel, but the decision is that the law applied in 31 Ill. in its application to this case in 37 Ill. was not changed. The opinion is not very clear, but Mr. Justice Breese would seem to have had in his mind the same point that Mr. Justice Walker decided in 74 Ill., that the law of 1861, now Sec. 68, "allows ten days for preparation for trial after the court has acquired jurisdiction of the parties." There is no case in which the clause of Sec. 68 relating to the appearance in writing by the appellee has been applied, either by the Supreme or Appellate Courts, to an appeal taken by filing a bond before the justice. It is a singular fact that until 1849, no mode was provided for getting the appellee into court, when the appeal bond was filed with the clerk, except by actual service of summons as now provided in Sec. 65.

The law of 1849 made the provision for two *nihils* as now in Sec. 67. Then came the law of 1861, now Sec. 68, allowing an appearance in writing, and the only purpose of that was, as

an alternative or substitute for the other modes of obtaining jurisdiction of the appellee, when the bond was filed with the clerk. The right of parties to proceed is reciprocal. Hooper v. Smith, 19 Ill. 53. (The report does not show that the appeal in this case was taken by filing the bond with the clerk, but Boyd v. Kocher, 31 Ill. 295, explains that it was taken under then Sec. 61, now 65.) It has never been supposed that on an appeal taken by filing a bond with the justice, the appellant could not proceed, whether the appellee ever came or not. Reiman v. Ater, 88 Ill. 299; Fix v. Quinn, 75 Ill. 232. And as in such case the appellee may be pushed, he may push.

There is, besides the decision in 37 Ill., the recognition or assumption of the rule that Sec. 68, so far as relates to a written appearance, does not apply to appeals taken by filing the bond with the justice, in Camp v. Hogan, 73 Ill. 228, and Burns v. Nichols, 89 Ill. 480, if not other cases, as in Singer v. May, 86 Ill. 398, and Hohmann v. Eiterman, 83 Ill. 92. In truth, both legislation and decisions are in a very unsatisfactory condition on this subject, but the rule of this court is, that the clause in. Sec. 68 requiring a written appearance ten days before the term, by the appellee, only applies to appeals taken by filing a bond with the clerk, and does not apply to appeals taken by filing a bond with the justice.

*Reversed and remanded.*