## LEROY BROWN
### v.
## EZRA A. COOK.

*Practice—Dismissal for Want of Prosecution.*

An order dismissing an appeal from a judgment for plaintiff with *procedendo*, against the objection of the defendant in a given case, is improper; the plaintiff should be required to prove up his case.

[Opinion filed February 10, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

Mr. M. L. THACKABERRY, for appellee.

MORAN, P. J. When this case, involving the sum of $25, taken on appeal from a justice judgment, was called for trial in the Superior Court, Mr. Gray, the attorney for appellant, defendant below, stated to the court that his client was not present and that he was the only witness in defendant's behalf, whereupon the following occurred:

" The Court: Then you are not ready to proceed?

Mr. Gray: Not now.

The Court: Then you refuse to defend?

Mr. Gray: No, your Honor, I wish to defend, but I desire to get my client here.

The Court (to plaintiff's attorney): What will you do with the case?

Mr. Thackaberry: I am ready to prove up.

, The Court:   Why don't you dismiss his appeal?

Mr. Thackaberry:   Well, I will do that.

Mr. Gray:   I object to the appeal being dismissed.

The Court:   Let the appeal be dismissed with *procedendo* for want of prosecution."

To which ruling the defendant duly excepted.   This order of the court dismissing the appeal with *procedendo*, against the objection of the defendant, instead of requiring the plaintiff to prove up his case, was in direct violation of what has been decided by the Supreme Court to be the correct practice in such case.   Langenham v. Stickney, 90 Ill. 361; Lawlor v. Gordon, 91 Ill. 602; Eichelberger v. Garvin, 7 Brad. 129.

It is to be regretted that litigation between parties involving mere trifles should be prolonged and rendered expensive to those interested and annoying to the courts by a failure to observe the stated rules of practice.   Appellee's counsel knowing, as he was bound to know, that an error had been committed by what was probably the momentary forgetfulness of the judge, should have moved the court to set the dismissal of the appeal aside during the term, and have drawn the attention of the court to the authorities on the point, and thus have cured the error by getting the case reinstated and proving up the plaintiff's claim, if he had one.   Appellant was entitled to have the case dealt with as the law requires, and we can not do otherwise than to reverse the judgment.

*Judgment reversed and remanded.*