## Vallens v. Hopkins.

1. SHORT CAUSE CALENDAR—*Practice.*—The rule of court containing a clause that "No cause shall be noticed for trial on such calendar until the same is at issue," does not apply to appeals from justices.   On such appeals there are no written pleadings.

2. APPEALS FROM JUSTICES—*When Properly for Trial.*—An appeal from a justice of the peace may be properly placed upon the trial docket of the court to which it is taken, where the appeal is perfected eleven days before the first day of the term.

3. NOTICE—*To Attorneys, When to Clients, etc.*—In an appeal case from a justice of the peace, a notice served by appellant upon the attorneys who appeared for the appellee before the justice was held good.

**Memorandum.**—Forcible detainer.   In the Superior Court of Cook County, on appeal from a justice; the Hon. THEODORE BRENTANO. Judge, presiding.   Appeal by the defendant.   Heard in this court at the October term, 1893, and affirmed.   Opinion filed February 13, 1894.

The statement of the facts is contained in the opinion of the court.

ADOLPH ASCHER, attorney for appellant.

COX & BROCKWAY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellee sued the appellant before a justice of the peace in an action of forcible detainer, and was defeated.

He appealed to the Superior Court, by filing a bond with the justice May 25, 1893, and the transcript, etc., were filed in the Superior Court the 27th of the same month. The June term of the Superior Court commenced on the 5th day of that month. On the 1st day of June, the appellee served notice under the " Short Cause " act on Messrs. Moran, Kraus & Mayer, who had defended the appellant before the justice, by giving it to a member of the bar in the employ of that firm. June 12th, the appellant appeared by another attorney and moved to strike said cause from said short cause calendar, for the following reasons :

" First. Because said cause was not at issue on the date when the notice to place the same on the short cause calendar, to wit, June 1, 1893, is alleged to have been given, as provided by rule 18 of the common law rules of said court; that said cause was not at issue until Monday, the 5th day of June, A. D. 1893."

" Second. Because no notice was given to the defendant, his agent or attorney, of the placing of said cause on the short cause calendar, as required by the statute in such case made and provided."

This motion was denied the same day. The cause was not reached until June 26th, when the motion was renewed —denied—and the cause tried *ex parte*, the appellant withdrawing from the court.

Reason " first " is based upon a rule of the court containing a clause that " No cause shall be noticed for trial on such calendar until the same is at issue."

This does not apply to appeals from justices. On such appeals there are no written pleadings.

The argument, however, is that, as the appeal was not in the Superior Court ten days before the June term, nothing could be done in it at that term.

The appeal was taken eleven days before the term, and the case is therefore governed by the decision in Boyd v. Kocher, 31 Ill. 295.

We have been over the question in Bessey v. Ruhland, 33 Ill. App. 73, and abide by the views there expressed.

Reason " second " is based upon the lack of evidence that

Moran, Kraus & Mayer were the attorneys of the appellant when the notice was served. That they were, before the justice, is conceded. That the notice, as served, was in fact notice to the appellant, is apparent, for it brought him into court by another attorney. Neither the appellant, nor any member of the firm, made affidavit denying the relation of attorney and client at the time the notice was served. Fourteen days elapsed after the first appearance by the other attorney, before the trial.

On the whole case it was pretty clear that delay only was the object of the appellant, and it was not an unfair inference that the appearance by the present attorney was really a substitution of one attorney to the place the firm held before.

There is only a question of technicality—none of merits —and such questions meet little favor here. Brown v. Johnson, No. 4916, this term.