### Joseph C. Ficklin v. A. J. Olmsted.

1. APPEALS—*From Justice of the Peace.*—When an appeal is perfected before a justice of the peace both parties are bound to follow it up.

2. SAME—*Construction of the Statute Requiring Written Appearance.*—Section 68, chapter 79, R. S., requiring a written appearance to be filed by appellee ten days before the term, in order to give the court jurisdiction, has no application to appeals perfected before the justice.

Transcript, from a justice of the peace. Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

FRANCIS M. LOWES, attorney for plaintiff in error, contended that the court has no inherent power to entertain appeals; the statute must be complied with. Ward v. People, 13 Ill. 635.

In support of the doctrine that before the court should act upon the motion of a party litigant or his attorney, his appearance, or the appearance of his attorney, should be filed

with, and the fee paid to, the clerk, pursuant to the statute (Sec. 33, Chap. 53, R. S.); see Stephen on Pleadings, star p. 26; Singer Manf'g Co. v. May, 86 Ill. 398; Boyd v. Kocher, 31 Ill. 295; McVey v. Huott, 11 Ill. App. 203; Norton v. Allen, 12 Ill. App. 592; Odd Fellows' Benevolent Society v. Alt, 12 Ill. App. 570; Chicago Dredging & Dock Co. v. McCarty, 11 Ill. App. 552; McMullen v. Graham, 6 Ill. App. 239; Pratt v. Bryant, 2 Ill. App. 314.

Barnes, Barnes & Bartelme, attorneys for defendant in error.

A transcript from a justice court once filed secures the court jurisdiction, even though such transcript be defective. Fink v. Disbrow, 69 Ill. 76.

A rule of the Superior Court providing for a preliminary call of the docket to ascertain cases for trial is valid, and such rule providing that if neither party answers, the case shall be dismissed for want of prosecution with *procedendo*, is valid. Hinckley v. Dean, 104 Ill. 630.

On the first call neither party appearing, the appeal may be dismissed, and if dismissed it will be with *procedendo*. Elliott's Superior Court Rules, 74, R. 20.

Mr. Presiding Justice Adams delivered the opinion of the Court.

The plaintiff in error appealed to the Superior Court of Cook County, from a judgment rendered against him at the suit of defendant in error by a justice of the peace April 12, 1895. The appeal was taken by filing an appeal bond in the office of the justice. A transcript of the justice's docket and the papers in the cause were filed in the office of the clerk of the Superior Court in 1895. April 30, 1896, the Superior Court dismissed the appeal for want of prosecution. The judgment of dismissal recites as follows:

" This cause being this day called for trial, and the defendant failing to prosecute his appeal, on motion of plaintiff's attorney, it is ordered that the said appeal be and is hereby dismissed," etc.

The only point made by the attorney of plaintiff in error is that no appearance or writing of defendant in error had been filed in the cause nor appearance fee paid. There may have been an appearance filed in writing for aught the court can know to the contrary from the record. Such an appearance is not required to be made a part of the record by the rules of the court, and if plaintiff in error had desired to present the question for adjudication, he should have taken such action as that it might have been preserved by bill of exceptions. Plaintiff in error, however, has lost nothing by not so acting.

When the appeal is perfected before the justice, both parties are bound to follow the appeal. Boyd v. Kocher, 31 Ill. 295.

In that case, the court, commenting on the section of the statute which authorizes the taking an appeal by filing a bond with the justice, say: "It is apparent from this section, when an appeal is perfected before a justice of the peace, no summons is necessary to either party. The party appealing is bound to follow up the appeal which he has himself taken, and so is the appellee, as in an appeal taken from the Circuit Court to this court."

This court has held that the section of the statute requiring a written appearance to be filed by appellee ten days before the term, in order to give the court jurisdiction, has no application to appeals perfected before the justice. Bessey v. Ruhland, 33 Ill. App. 73; citing Allen v. City of Monmouth, 37 Ill. 372, and other cases.

In the case in 33 Ill. App., *supra*, the court say: "It has never been supposed that on appeal taken by filing a bond with the justice, the appellant could not proceed, whether the appellee came or not. Reiman v. Ater, 88 Ill. 299; Fix v. Quinn, 75 Ill. 232. And, as in such case the appellee may be pushed, he may push."

When the appeal is taken before the justice, both parties must follow the appeal, and are in court, in contemplation of law. When the papers and the transcript of the justice's docket of the cause are filed in the court to which the

appeal is taken, the latter court has jurisdiction of the parties and the subject-matter, precisely as it would on service of summons on a party defendant in a case within its jurisdiction, and neither summons nor appearance in writing filed by appellee ten days before the term, is necessary to enable the court to proceed to trial or judgment of dismissal of the appeal. The adjudged cases fully support these propositions. In the present case the judgment recites that the appellee, by his attorney, moved to dismiss the appeal, which is, in effect, a recognition of the appearance of the appellee when the cause was called for trial. There is nothing in the record on which to base the objection of plaintiff in error, that the appellee (defendant in error) did not pay an appearance fee in the lower court, if this is material. The presumption, in the absence of evidence to the contrary, is that she did.

The judgment is affirmed.