EDDIE HALL

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed June 19, 1902.*

APPEALS AND ERRORS—*when Supreme Court cannot entertain writ of error.* The Supreme Court cannot entertain a writ of error to review a judgment of conviction where there is no assignment of errors in the record.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

BENJAMIN STAUNTON, for plaintiff in error.

H. J. HAMLIN, Attorney General, (CHARLES S. DENEEN, State's Attorney, F. L. BARNETT, and HARRY OLSON, of counsel,) for the People.

Mr. JUSTICE RICKS delivered the opinion of the court:

Eddie Hall was convicted at the February term, 1901, of the criminal court of Cook county, on an indictment found at the January term, 1901, charging him with the crime of robbery. Numerous alleged errors are discussed in the briefs of both plaintiff in error and the People. The contention of plaintiff in error, as discussed in his brief, is, that the plaintiff in error was illegally convicted, because, first, the accused never received a copy of the indictment against him; second, the court erred in giving oral instructions; third, the court erred in failing to instruct the jury that no prejudice attached to the defendant for failure to testify; fourth, that defendant was denied the constitutional right of being represented by counsel; and fifth, the allegations of the indictment were not supported by the proof. It is also insisted the court erred in overruling a motion to amend the record.

The instructions given to the jury by the court, the motion by the defendant for a new trial, the motion in

arrest of judgment, the motion to correct the record and the exhibits which appear in the back of plaintiff in error's brief are not preserved in the record by being made part of the bill of exceptions, nor is there any assignment of error written upon or attached to the record. With the record in this condition, and the failure to assign errors on the record, we are unable to review the action of the trial court. *French* v. *People,* 77 Ill. 531; *Lancaster* v. *Waukegan and Southwestern Railway Co.* 132 id. 492; *Davis* v. *Lang,* 153 id. 175; *Ditch* v. *Sennott,* 116 id. 288.

The writ of error will therefore be dismissed.

*Writ dismissed.*