Marshall v. Lufkin.

## Frank Marshall v. D. I. Lufkin.

### Gen. No. 12,581.

1. JUSTICE OF THE PEACE—*when duty of parties to follow appeal from.* The perfecting of an appeal before a justice of the peace makes it incumbent upon all the parties to the suit to follow such appeal into the Circuit Court without further process or notice

2. JUSTICE OF THE PEACE—*when appeal may be taken from.* An appeal may be prosecuted from a judgment of a justice of the peace for costs to the Circuit Court.

3. JUSTICE OF THE PEACE—*when court acquires jurisdiction of appeal from.* Where an appeal bond was perfected before a justice of the peace, the Circuit Court acquires jurisdiction upon the filing of the appeal bond and transcript.

4. JUDGMENT—*when cannot be vacated.* After the lapse of the term of entry, the court is without jurisdiction to vacate a judgment.

5. BILL OF EXCEPTIONS—*absence of, precludes review as to whether court's action unwarranted under evidence.* Whether a judgment was

against the evidence and whether the action of the court in denying a motion to vacate was an abuse of discretion upon the showing made by affidavit, are both questions which cannot be considered in the absence of a bill of exceptions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed July 2, 1906.

M. L. THACKABERRY, for appellant.

ORR & WENTWORTH, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This cause originated before a justice of the peace of Cook county, where appellant prevailed and a judgment was rendered against appellee for costs. Appellee perfected an appeal to the Circuit Court from this judgment for costs by giving an appeal bond before the justice, which bond was by the justice approved within twenty days of the rendition of the judgment. Thereafter the appeal bond, together with a transcript of the proceedings before the justice, were filed in the office of the clerk of the Circuit Court.

Under repeated decisions of this court and of the Supreme Court of this state, the perfecting of an appeal before a justice of the peace makes it incumbent upon all the parties to the suit to follow such appeal into the Circuit Court without further process or notice. Boyd v. Kocher, 31 Ill. 295; Fix v. Quinn, 75 Ill. 233; Bessey v. Ruhland, 33 Ill. App. 73; Wilson v. Moses, 55 Ill. App. 230.

An appeal may be prosecuted from a judgment of a justice of the peace for costs to the Circuit Court. Reiman v. Ater, 88 Ill. 299.

The Circuit Court therefore upon the filing of the appeal bond and transcript obtained jurisdiction of the parties and of the subject-matter of the suit without further process, notice or appearance.

On April 21, 1905, the Circuit Court, in due course, called the cause for trial. Appellee appeared, a jury was impaneled, which rendered a verdict in favor of appellee

and against appellant for $200, upon which verdict a judgment was entered the same day. On April 27, 1905, and within the term of court at which this judgment was entered, appellant appeared and moved the court to vacate the verdict and judgment, which motion was on the 3rd day of June following denied. On June 24, 1905, appellant made another motion to vacate the verdict and judgment of April 21, 1905, which motion was on the last mentioned date overruled and denied. To the action of the Circuit Court in denying the motion of June 24, 1905, appellant excepted and prayed, obtained, perfected and prosecutes this appeal.

It is manifest that this appeal is not from the judgment of April 27, 1905, nor from the order of June 3, 1905, but from the order denying the second motion of appellant made June 24, 1905, to vacate the verdict and judgment of April 21, 1905. The Circuit Court was without jurisdiction to vacate the judgment of April 21, 1905, after the lapse of the term at which it was rendered, as two terms had intervened between the entry of the judgment and the making of the last motion to vacate it. The law is too well settled on this point to warrant further amplification. Cook v. Wood, 24 Ill. 295.

As affecting the right of appellant to relief here, it is on the record here presented immaterial whether his appeal is from the judgment rendered or either of the two orders denying the motion to vacate the verdict and judgment. As no bill of exceptions is found in the record, we are unable to say that the verdict and judgment are not warranted by the evidence, or that the action of the Circuit Court in denying the motion first made to vacate the verdict and judgment was an abuse of judicial discretion. Bass v. The People, 159 Ill. 207; Hall v. The People, 197 Ill. 567.

As there are no errors assigned which find support in the record vesting this court with jurisdiction to review the orders and judgment of the Circuit Court, its judgment must be and is affirmed.

*Affirmed.*