89  581
31a 503

## Conrad Schnell

*v.*

## The North Side Planing Mill Company.

1. Appeal—*appearance by appellee obviates necessity of service.* Where the defendant perfects an appeal from a judgment of a justice of the peace by filing bond with the clerk of the circuit court, the entry of a motion by the plaintiff to require the defendant to justify, or give sufficient security in the appeal bond at the next term, is an appearance in the cause, and the defendant, at a succeeding term, can not have a continuance for want of service on the plaintiff, or entry of appearance in writing ten days before such term.

2. INDORSEMENT—*whether as indorser or guarantor.* Where the name of the payee of a note appears in blank on the back of the note, the law raises the presumption of a contract as indorser only, and not that of a guarantor.

3. Where A is indebted to B, and B requires security, and C agrees to indorse B's note, and A prepares a note payable to C, who puts his name on the same, nothing being said by A or B to him at the time, this will not show a guaranty on the part of C, even if it were conceded that parol evidence is admissible in such case to show a different contract from that which the law implies.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. A. D. CARTER, for the appellant.

Messrs. AVERY & COMSTOCK, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action, brought before a justice of the peace, by the North Side Planing Mill Company against Conrad Schnell, as guarantor of the payment of a promissory note, as follows:

"150.00                    *Chicago, June* 28, 1873.

"Five months after date, I promise to pay to Conrad Schnell or order $150, at the Manufacturers' National Bank, Chicago, value received, with interest at ten per cent.

"FREDERICK MILLIMAN."

There was judgment for the plaintiff for the amount of the note and interest, and defendant appealed to the circuit court, where there was the like judgment, from which the present appeal was taken by the defendant.

The appeal from the justice of the peace to the circuit court was taken by appellant filing his appeal bond in the office of the clerk of the circuit court, October 15, 1875. Upon the cause being reached for trial, at the October term, 1876, of the circuit court, the appellant moved for a continuance because there had been no summons issued to the appellee, and the latter had not entered its appearance in writing ten days

before the first day of the term, or at any other time, which motion the court overruled, and this is assigned as error. The record shows, that at the October term, 1875, of the circuit court, on motion of the appellee, a rule was entered against appellant to justify his security in the appeal bond, or to give sufficient security within a time named. The making of this motion was an appearance by the appellee at the October term, 1875, and at the October term, 1876, several terms of the court having intervened, appellant was not entitled to a continuance upon the ground it was sought, it being removed by appellee's appearance at the former term.

It is next contended, that appellant was not chargeable as a guarantor. There was, upon the back of the note, merely the indorsement of the name of appellant, the payee of the note, in blank. At the trial, appellee's attorney wrote over the name of appellant upon the note, a guaranty of its payment.

Appellant's name merely on the back of the note, he being the payee, imported a contract as indorser.

All the evidence in the case tending to prove any contract of guaranty was the testimony of O'Neil, the secretary of the North Side Planing Mill Company, that the note was given because the company wanted some security for releasing its lien on a building it was putting up for Milliman, and Schnell said he was willing to indorse Milliman's note; that at the time of the making of the note, witness wrote out the body of it and handed it to Milliman, and he handed it to Schnell, who took it and put his name on the back of it, nothing being said by witness or Milliman to Schnell. If it were admissible, by such testimony, to vary the contract which the law raises upon the payee's indorsement in blank upon a promissory note, namely, the contract of an indorser (which is not conceded), this testimony does not have that effect, but rather supports the implied contract. It shows, to be sure, that Schnell was not the real owner of the note and holder as payee in his own right, but that he was constituted such for the purpose of effecting a security to the planing mill com-

584     SCHNELL *v.* NORTH SIDE PL. MILL CO.  [Sept. T.

Opinion of the Court.

pany. But that security was to be one of a particular kind, that of indorser, not guarantor. Schnell said he was willing to indorse Milliman's note. He might have been willing to do that, and not to guaranty the payment of the note. The contracts are of different character, that of indorser being the more favorable one for the surety. And the form into which the obligation was put by the company itself, by its secretary, shows that it was understood and taken to be an undertaking as indorser, which Schnell assumed, the writings being constructed in such a shape as to show upon their face that it was the contract of indorser which Schnell entered into. If it had been the understanding that Schnell was guarantying the payment of Milliman's debt to the planing mill company, it would have been more natural to have drawn the note directly to the company, with Schnell as surety promising in it with Milliman, or to have had Schnell sign a written guaranty of payment on such a note from Milliman to the company. To pervert this indorsement in blank of the payee, into a guaranty, upon the evidence appearing here, would be entirely reversing the well known rule that the contract of a surety is to be strictly construed; that to the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further; that he has a right to stand upon the very terms of his contract. *Miller* v. *Stewart*, 9 Wheat. 680.

We find the undertaking here was that of indorser, and not of guarantor, and as there was no evidence whatever of the use of any diligence to charge appellant as indorser, the judgment must be reversed, and the cause remanded.

*Judgment reversed.*