THE METROPOLITAN LIFE INSURANCE COMPANY

V.

GEORGE BROACH.

*Master and Servant—Recovery of Wages—Set-off—Conflicting Jurisdictions—Practice—Appeal—Dilatory Motions—Evidence.*

1. An appeal by plaintiff, subsequent to one by defendant, must be to the same court.

2. A motion to strike a cause from the docket made after full appearance, is a dilatory motion and comes too late.

3. A defendant to a suit may, after appeal by him to the Circuit Court, appear in a city court to which plaintiff has perfected an appeal, after dis-

missal of the appeal by the judge of such court on his own motion, and for the purpose of having the cause tried, move for the reinstatement thereof, and yet retain the right to a trial in the Circuit Court on the dismissal by the plaintiff of his appeal in said city court after such reinstatement.

4.   Upon a motion to strike a cause from the docket on the ground that the Circuit Court has no jurisdiction, it being claimed that another court first acquired jurisdiction it is *held :* That the cause in question was properly pending in the Circuit Court on defendant's appeal from the justice court; that the motion was not made in apt time, and that the trial court erred in sustaining the same.

### [Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Broach brought suit before justice against appellee for his salary as agent, and on June 27, 1888, recovered judgment for $200; the transcript shows an appeal was thereupon taken to the Circuit Court at Belleville.   At the September term, 1888, of that court, and on the 19th day of November, the defendant, who was the appellant by leave of the court, filed a set-off.   The cause was tried by a jury who rendered a verdict in favor of the defendant for $106.16, and on the same day the plaintiff moved to set aside the verdict and for a new trial, because the transcript had not been filed ten days before the commencement of the term.   Without objection the cause and motion were continued to the next term of the Circuit Court, and at that term, on February 25, 1889, the motion was allowed, the verdict set aside and a new trial awarded, counsel for both parties being present.   On March 14, 1889, plaintiff moved to strike the cause from the docket, for the reasons that the Circuit Court had no jurisdiction to hear or try the cause, and the City Court of East St. Louis first acquired jurisdiction, and the cause had been disposed of by that court and was pending in the Appellate Court on defendant's appeal.   In support of this motion, plaintiff introduced the affidavit of his attorney, Flannigen, stating that this is the same cause by plaintiff appealed to the City Court of East St. Louis, and there disposed of, and now pending in the Appel-

late Court, Fourth District of Illinois; that said appeal to the city court was taken and perfected June 28, 1888, and that defendant perfected its appeal of said cause to the Circuit Court afterward on July 14, 1888. Plaintiff also introduced transcript of proceedings in said city court whereby it appears a copy of original summons issued by the justice, and return of service thereon, was filed in said court August 16, 1888; also includes appeal bond of plaintiff taken and approved by justice June 28, 1888, but having no file mark on it; also includes justice's transcript filed August 16, 1888, which omits any mention of plaintiff's appeal. It also there appears that on August 27, 1888, the city court, on its own motion, dismissed plaintiff's appeal at his cost, and awarded a *procedendo;* that at the same term on September 29th, defendant appeared and moved to set this order aside, which motion was allowed, the appeal reinstated and cause continued, and at the January term, 1889, on February 4th, defendant asked leave to file set-off, whereupon plaintiff moved to dismiss his appeal; the court denied defendant's motion, allowed the motion of plaintiff, dismissed his appeal, but no *procedendo* was awarded or judgment for costs entered to this ruling; defendant excepted and craved an appeal, which was allowed but never perfected.

The affidavit of Launtz, defendant's attorney, filed in the Circuit Court against plaintiff's motion there to strike cause from the docket, states that defendant appealed said cause and executed its appeal bond with approved security, and approved by said justice, within twenty days after the rendition of said judgment by said justice, who then and there allowed defendant an appeal to the Circuit Court, and sent the papers, transcript and appeal bond by one Beach to be taken to said Circuit Court, and Beach lost the papers, and said justice then sent up the copy of said transcript now on file; that plaintiff dismissed his pretended appeal in the city court without any trial, and neither defendant nor affiant knew of plaintiff's pretended appeal until more than twenty days after the rendition of judgment in justice's court, nor until long after defendant had perfected its appeal to the Circuit Court. The justice

also states, in the certificate to his transcript in the Circuit Court, the papers were lost. The motion of plaintiff in the Circuit Court was sustained, the cause was stricken from the docket by the court, and judgment was rendered against defendant for costs. Defendant duly excepted, and took this appeal.

Mr. WILLIAM P. LAUNTZ, for appellant.

The authority relied upon by appellee in support of the motion is Aldrich v. Polo, 8 Ill. App. 45.

The court will observe that said case is not in point, as will be seen on reading first lines of said opinion. It is there said " It is admitted by appellant that the appeal was properly taken by the city (appellee) and allowed by the magistrate."

In the case at bar it is denied that the appeal was properly taken and allowed by the magistrate as to appellee, and it is further contended that the transcript of the justice of the peace shows appellant took an appeal to the Circuit Court which was allowed, and that the transcript to the city court shows neither an appeal prayed or allowed to said city court, entered of record by the justice of the peace on his docket, and also that said appeal to the city court was procured and conducted in such way as that appellant should not know it until after the twenty days from rendition of judgment had expired.

The transcript shows the appeal was taken to the Circuit Court, and the affidavit also shows that the appeal was prayed and allowed to said court, and that within twenty days thereafter the appeal bond was accepted and approved by said justice. Carroll v. Jacksonville, 2 Ill. App. 481.

And the fact that the justice selected an unsafe means or way of transmitting the papers will not be allowed to militate against appellant's rights without its fault. The parties litigant should not be prejudiced by the justice's recklessness or stupidity. Little v. Smith, 4 Scam. 400.

It can not be successfully contended here that appellant did not take an appeal which was allowed, as evidenced by the record, and if appellee did also take an appeal, which the

record does not show, and which appellant did not, and could not, know of until after the time to appeal to the city court had expired, under such circumstances this court will not go beyond or behind the record and say the city court first acquired jurisdiction. Appellee might just as well say he had appealed to the County Court. The law is clear that the court first acquiring legal jurisdiction must proceed and finally dispose of it. Mason v. Piggott, 11 Ill. 85.

Comity between courts of equal power and jurisdiction demands that this rule be recognized to avoid conflict of jurisdiction, and I might also add that the rights of litigants be secured against such conditions as environ this case. Appellee's appeal was allowed by the trial court, and an appeal allowed by the trial court is eo instanti in the appellate tribunal, on the filing of the bond. Reynolds v. Perry, 11 Ill. 534.

Mr. ALEXANDER FLANNIGEN, for appellee.

The Circuit Court acquired no jurisdiction to try the cause upon the appeal of appellant and in striking the cause from the docket committed no error, but pursued the proper practice. The court to which the first appeal is perfected obtains conclusive jurisdiction. Aldrich v. The City of Polo, 8 Ill. App. 45.

That the appellee perfected his appeal to the city court before appellant to the Circuit Court, and the cause was passed upon in the city court prior to any action in the Circuit Court, seems to be enough to sustain the action of said court. The law in cases of appeal governs, and either party may appeal and the other is bound to follow. Bacon v. Lawrence, 26 Ill. 53; Wells v. Hicks, 27 Ill. 345; Boyd v. Kocher, 31 Ill. 295.

This recital appears at the bottom of the transcript of the justice which was filed in the Circuit Court, to wit: "Appeal taken to the Circuit Court of Belleville, Ill;" while no such recital appears on transcript filed in the city court. This is claimed by counsel on the other side to show that the appeal was taken to the Circuit Court and not to the city court.

The contention would have some force if it were shown that an appeal bond was filed either with the justice or the clerk of the Circuit Court for the appeal of said cause to the said Circuit Court, as provided by statute; but such is not the case. There is nothing in the record to show that any appeal bond was ever filed for the appeal of this case to the Circuit Court. It is the filing of the bond which perfects the appeal, not the recitals of the justice in his transcript. The recitals of the transcript are entirely inoperative to affect an appeal; it is the appeal bond that has that effect and such bond is not shown to have been given in the case.

When knowledge first came to appellee that judgment was rendered against him in the Circuit Court he had no other recourse than to appear and ask that the judgment be set aside. This was done for reasons given in the abstract. Appellee being now for the first time in a position to have this cause dismissed from the Circuit Court, did show that the case was formerly adjudicated in the city court. This fact appearing to the court, it was thereupon dismissed from the Circuit Court.

The only question to be decided is: Did the Circuit Court have jurisdiction? When there are two courts in the county, each having concurrent jurisdiction, the first obtaining jurisdiction must hold the case. Bacon v. Lawrence, 26 Ill. 53; Kasting v. Kasting, 47 Ill. 438.

GREEN, J. The error assigned, is the ruling of the Circuit Court, sustaining plaintiff's motion, striking said cause from the docket, and rendering judgment against the defendant; the error is well assigned. The cause was properly pending in the Circuit Court on defendant's appeal, and for that reason should not have been stricken off; also the motion of plaintiff was not made in apt time, and for that reason should have been denied. The only appeal taken from the justice's court, so far as either of his transcripts disclose, was taken June 27, 1888, to the Circuit Court. This appeal was perfected by defendant, but the appeal bond being lost, the date of its approval is not shown, but from the use of said words

"appeal taken," it is fairly to be inferred this appeal to the Circuit Court was perfected June 27th. As against this inference Flannigan states in his affidavit, defendant perfected its appeal July 14, 1888, but he does not show any means he had of knowing that fact, and his statement is contradicted by the transcript. If the further statement in his affidavit be true, " that plaintiff perfected his appeal June 28th," he was then advised, or might have been by examining the justice's docket, that an appeal had already been taken to the Circuit Court, and the law required him to appeal to the same court and not to the city court, if he then desired to take an appeal. But it is said the appearance of defendant in the city court gave that court jurisdiction of its person, and precluded it from the right to a trial or insisting upon the retaining of the cause in the Circuit Court on his appeal. This is not our view of the matter; the defendant learning of plaintiff's appeal to the city court, appeared, and in order to try the cause there, had the dismissed appeal reinstated and asked leave to file a set-off, but plaintiff at once had his appeal dismissed, for what reason other than that he feared a trial does not appear; the court thus, at the instance of plaintiff, surrendered all the jurisdiction it ever acquired over the defendant or the cause, and without awarding a *procedendo*, or entering a judgment from which an appeal would lie. This was on February 4, 1889, and afterward, on February 25th, both parties appeared in the Circuit Court, where defendant's appeal was properly taken, and the cause pending, a motion by plaintiff made at a former term was then argued and submitted by both parties, the motion sustained, and a new trial awarded, and afterward, on March 14th, the court then having jurisdiction of the parties and cause, on motion of plaintiff, struck the cause from the docket and refused to give defendant a trial, although a verdict in his favor had once been returned. No legal reason is perceived by us sustaining this action of the court. The motion of plaintiff was not made in apt time, and for that reason also should have been denied. Before this motion was entered, and at the September term, 1888, after a verdict for defendant for $106.16 had been

returned, plaintiff moved to set the verdict aside and for a new trial, and consented to the continuance of the cause and motion to the next term. At that term the motion was argued and submitted on behalf of both parties, and was sustained. These acts on behalf of plaintiff constituted a full appearance in the case, and his motion to strike the cause from the docket was a dilatory motion and came too late, when made after full appearance. Hohmann v. Eiterman, 83 Ill. 92; Schnell v. North Side Planing Mill Co., 89 Ill. 581.

The judgment is reversed and cause remanded with directions to try the cause on the merits in the Circuit Court.

*Reversed and remanded with directions.*