MILES FLINN, Plaintiff in Error, *v.* LUCY BARLOW, Defendant in Error.

ERROR TO CRAWFORD.

It is proper when a jury has found an informal and insufficient verdict, to send them out under instructions to find formally and fully; so as to determine the rights of the parties.

Where four are sued in trespass, and service is had upon one, he may plead and proceed to trial; and the plaintiff may at any time, either before or after judgment, enter a non-suit as to the others.

Where one appealed from a judgment of a justice of the peace, rendered against him and three others, for trespass to personal property, summons not having issued to the three from the circuit court, and a *nolle prosequi* being entered as to these; *Held,* that the twenty-ninth section of the "Practice Act" had no application to parties not before the court; and that as to the defendant served, a non-suit could not be entered after the jury retired.

THIS cause was tried at September term, 1852, of Crawford Circuit Court, before HENLAN, Judge, and a jury.

C. H. CONSTABLE, for Plaintiff in Error.

A. KITCHELL, for Defendant in Error.

SCATES, J. By the statute, (Rev. Stat. 324, Sec. 63,) one of several plaintiffs or defendants may appeal from judgments of justices of the peace to the circuit court. Whereupon supersedeas shall stay all further proceedings upon the judgments.

By Section 64, the other parties may be brought into the circuit court by summons and service at the first term; and if not found, the cause shall be tried at the second term: and by Section 68, the "rights of the parties shall be the same as in original actions."

Flinn alone appealed from a judgment of a justice, rendered against him and three others, in an action of trespass to personal property. No summons ever issued to the others from the circuit court. At the second term a jury was empanneled, and retired under instructions to write and seal up their verdict, and separate, and meet the court the next morning. They found a verdict "in favor of the plaintiff," which upon being opened and read in court, was deemed informal and insufficient, and the jury were again sent out under instructions to find formally and fully against the objections of Flinn.

We think the circuit court acted properly in sending them out again to complete such a finding and verdict as would determine the rights of the parties. They returned an amended verdict, "We, the jury, find the defendant guilty, and assess the plaintiff's damages at two dollars."

Hereupon Flinn moved in arrest of judgment, because the court had no jurisdiction of the cause; and because the other defendants had not been brought into court. The court, upon cross-motion of Barlow, allowed her to enter a *nolle prosequi* as to the other defendants, overruled the motion in arrest, and rendered judgment upon the verdict.

This is assigned for error upon the 29th Section of the Practice Act, (Rev. Stat. p. 417,) which provides that plaintiff shall be debarred from suffering a non-suit, unless he do so before the jury retire from the bar.

There is evidently a misapplication of the meaning of the statute. It can have no application to parties not before the court for trial. Had a summons issued, and been served, or without service upon the lapse of a term, the court could have proceeded to hear the whole cause, as to all the parties, according to the statute. But without such actual or constructive service, the plaintiff alone was before the court on trial, and as to him the defendant could not enter a non-suit after the jury retired.

But the cause stood in court as an original suit; and as such, we think it would not be questioned, that where four are sued in trespass, and service upon one, he may plead and proceed to trial; and that plaintiff may at any time, either before or after judgment against him, enter a non-suit as to the others. But whether the analogy holds further, and defendant can go on and summon the others afterwards, we give no opinion. It may with great plausibility be contended, that proceeding to trial without attempting to summon the others, is itself virtually a non-suit.

*Judgment affirmed.*