# BERNARD CALLAGHAN *et al.*

### *v.*

# EUGENE B. MYERS.

1. TRESPASS — *tort feasors jointly and severally liable.* For trespasses, or wrongs in the nature of trespass, the wrong-doers are jointly and severally liable, and the plaintiff is not required to sue all engaged in the tort. If he sues all, he may, at any time before judgment, dismiss as to either or any of the defendants, and proceed as to the others.

2. SAME—*what equivalent to dismissal as to one defendant.* Where all the defendants against whom a judgment is rendered, in trespass, by a justice of the peace, except one, appeal to the circuit court, and the plaintiff proceeds to a trial of the appeal as to those appealing, without bringing the other defendant into court by service of process, such proceedings will operate as a dismissal or discontinuance of the suit as to such defendant, and there is no error.

3. APPEAL—*practice, when part of defendants appeal.* Where a portion of the defendants to a suit before a justice of the peace appeal from a judgment against them all, if the plaintiff desires to recover against the defendant not uniting in the appeal, or if the cause of action is such that a recovery can only be had against all or none, the plaintiff must sue out summons against such defendant and procure its service, if he does not enter his appearance.

4. INSTRUCTION—*construed as to assumption of fact.* In an action of trespass an instruction announcing that as to a trespasser, wrong-doer or tort feasor, possession of property is evidence of ownership, by no known rule of construction can be held as assuming the defendants to be trespassers.

5. SAME—*selecting particular fact.* An instruction which selects a single fact in the case, and calls the attention of the jury to it, is vicious, as giving undue prominence to such fact, and properly refused.

6. EVIDENCE — *declarations of person in party's store.* The declarations or statements of a party's son, or other person, in charge of his store, as to a fact in dispute, is only hearsay, without proof that the son or other person in charge was the party's general agent in relation to the matter, or was specially authorized by the party to make such statement for him.

7. SALE—*title may pass before price is fixed.* An agreement to sell, with a delivery, may complete the sale of personal property and vest the title in the purchaser, although no definite price has been fixed. Whether the sale is complete and the title passes depends on the intention of the parties, and that may be shown by circumstances as well as by declarations.

8. An agreement to purchase a lot of books, where a part of the price is paid, possession delivered, and the amount to be paid fixed, if the books should prove to be as represented, will pass the title as against a creditor of the vendor levying subsequently.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was an action of trespass, commenced before a justice of the peace by Myers against the Callaghans and one McLane. Judgment was rendered against all the defendants. An appeal was taken to the circuit court by all the defendants except McLane, and upon trial in that court judgment was recovered against those joining in the appeal.

Myers claimed to have purchased a lot of books from one Fisk, and while the books were in Myers' possession they were seized under a writ of attachment sued out by the Callaghans against Fisk, and directed by the Callaghans to be levied upon the books as the property of Fisk,—and in this consisted the alleged trespass.

Mr. JAMES L. HIGH, for the appellants.

Mr. EDWARD J. HILL, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is first insisted, that the court erred in trying the case on appeal, without service on defendant McLane. The judgment before the justice of the peace was against him as well as the Callaghans, but he did not join in the appeal, nor was there any process against him from the circuit court, nor did he enter his appearance. But the cause was tried in the circuit court, and a judgment rendered against appellants. The action being trespass, the plaintiff could sue either one or all of the tort feasors. For wrongs in the nature of trespass, etc., the wrong doers are jointly and severally liable, and the plaintiff is not required to sue all engaged in the tort.

The practice has always permitted the plaintiff in trespass, after suit brought, at any time before judgment, to dismiss as to either or any of the defendants and proceed against the others.   Plaintiff had, in this case, the undoubted right to have dismissed as to McLane, and had he done so, appellants' counsel would not have questioned its regularity.   The failure to have McLane brought into court on the appeal, and trying the cause without his being made a party to the appeal, operated and had the same effect as if the suit had been dismissed as to him.   It accomplished the same thing in another manner. *Flinn* v. *Barlow,* 16 Ill. 39, and *Wilderman* v. *Sandusky,* 15 id. 59.

Had appellee desired to recover a judgment against McLane, then a compliance with section 70 of the Justice of the Peace act would have been indispensable.   Or if the cause of action had been such that a recovery could only be had against all or none of the defendants, then a summons, under that section, would, to render the proceeding regular, have to be issued as required by that section.   But this was not on a contract, but for a tort.   The law never requires the performance of a useless act, and it would have been such to have had McLane served and then have dismissed as to him.   What was done produced precisely that result.

It is next urged, that the fourth of appellee's instructions was wrong in assuming that appellants were trespassers. Counsel surely mistake the import of the language.   It, by no known rule of construction, can be held to make any such an assertion.   It only announces, that as to a trespasser, wrongdoer or tort feasor, possession of property is evidence of ownership.   This is an elementary rule of law that has never been questioned, and the instruction announces it as such, applicable to this as in all other cases.   The instruction then informs the jury, that if appellee held. possession of the property, and the defendants forcibly took it from him, the jury should find for him, unless they satisfied the jury that the property belonged to the defendant in attachment.   We

perceive no objection to this instruction. The objection urged seems to be purely imaginary, and wholly unfounded.

It is also insisted, that the court erred in refusing to give for appellants this instruction:

"If the jury believe, from the evidence, that defendants, or either of them, on the afternoon of March 14th, 1876, and shortly before levying the attachment, went to plaintiff's store and were there told, in substance, by plaintiff's son, or other person in charge of the store, or managing plaintiff's business, that plaintiff had not yet bought the books of Fisk, the jury are at liberty to take such fact into consideration, as tending to show that the purchase of the books had not yet been completed by plaintiff."

This instruction is faulty because it does not leave it to the jury to find from the evidence that plaintiff's son, or other person in charge of the store, was his agent. If the son or other person in charge was only so temporarily, or was not his general agent, or was not specially authorized to make for him such a statement, then he would not be bound by it. It was only hearsay, and the son or other person should have been called to prove the fact. This instruction assumes that the person was authorized to make the statement, and that should have been, if the evidence authorized it, left to the jury. Again, this instruction is vicious in selecting and calling the attention of the jury to a single fact, and it would have been unfair to appellee to have given it. The practice would be pernicious to permit each party to ask an instruction on every item of evidence in the case, and if this were sanctioned, to be consistent we would be compelled to sanction such a practice. All know, and the jury fully understand, that all evidence admitted on a trial is for their consideration, and to permit a single item or a few items to be selected, and they specially directed to consider it, or them, gives too much prominence to such evidence to be fair to the other party, and we have so held in numerous cases.

It is said, that as no price was agreed upon for the books before they were attached, the sale was not complete. The proposition is not true. An agreement to sell, with a delivery, may complete the sale, and vest the title, although the definite price may not be fixed at the time of sale. Suppose a person sells and delivers property, and it is agreed the price shall be fixed by another, or by reference to the reports of sales at a particular time and in a specified market, or the inspection of the article, can any business man even doubt the sale is complete. Whether the sale is executed, and the title passes. to the buyer, depends on the intention of the parties, and that may be shown by circumstances as well as declarations.

Here, there was an agreement to purchase, a part of the price paid, the possession of the books delivered, and the amount to be paid fixed, if the books proved to be as represented. See *O'Keefe* v. *Kellogg*, 15 Ill. 347, *Kohl* v. *Lindley*, 39 id. 195, and *Barrow* v. *Window*, 71 id. 214, and other cases might be cited recognizing the rule.

We find nothing in the evidence from which we can infer that appellee loaned Fisk the money he advanced, and took. the books as a pledge. But if the evidence did show that was the case, still appellee would have the right to hold them until his money was repaid.

It is urged, that the parties, when they went to the justice's office to bring suit, intended to sue in Fisk's name for double the value of the property, on the ground it was exempt; that Fisk had executed to appellee an assignment of any judgment which might be recovered, and this should be conclusive that the property belonged to Fisk, and not to appellee. Hill and appellee both positively deny that any such assignment was ever made. They are positive in their statements. Fisk swears such an arrangement was entered into and such a paper executed, and states what he says were its contents. Railton says he went to appellee, at the request of Fisk, and took and handed him a memorandum of such an assignment, and requested a copy of it, and appellee said the paper was in the hands of

Hill and he would see him in reference to the paper. Appellee says that the paper did not describe such a paper, and that he did not know what paper was referred to. The evidence on this question is irreconcilable, and it was for the jury to determine. Their means of determining the truth was better than ours, and we can see no reason to differ from them in the conclusion they have reached.

All the evidence considered, we think it sustains the verdict, and perceiving no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*