## C. W. GOULD ET AL.
### v.
### JOHN WARNE ET AL.

*Action on Bond—Sales—Excessive Judgment.*

1. What will, or will not, amount to a sale, is a matter of fact to be determined from the evidence, and depends upon the intention of the parties to the transaction.
2. In an action on a bond to secure the patrons of a cheese factory, it is *held:* That the bondsmen are only liable on account of dividends and not in cases, if any, where direct sales of the milk were made; and that the judgment is erroneous because for a larger sum than is justified by the breaches assigned in the declaration.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. BOTSFORD & WAYNE and SHERWOOD & JONES, for appellants.

A surety can not be bound beyond the express and literal

condition of his undertaking. He has a right to stand upon the very terms of his contract. Miller v. Stewart, 9 Wheat. 680; Field v. Rawlings, 1 Gilm. 581.

Any agreement between the principal and his creditors, by which the terms of a bond are changed without the assent of the sureties, releases the sureties from liability. Cunningham v. Wrenn, 23 Ill. 64; Burt v. McFadden, 58 Ill. 479; Dodgson v. Henderson, 113 Ill. 360.

The measure of the liability of sureties is fixed by the terms of the instrument they sign, and such undertaking can not be enlarged or varied by judicial construction. Their undertaking will be construed as the words used are ordinarily understood. Mix v. Singleton, 86 Ill. 194; Phillip v. Singer Mfg. Co., 88 Ill. 305; People v. Tompkins, 74 Ill. 482; Burgett v. Paxton, 15 Ill. App. 380.

A surety is not held beyond the precise words of his undertaking, and in case of doubt as to his liability, the doubt is generally, if not necessarily, solved in his favor. Stull v. Hance, 62 Ill. 52; Adams v. People, 12 Ill. App. 380.

Messrs. CHARLES WHEATON and W. R. S. HUNTER, for appellee.

A parol agreement to vary a contract under seal will not discharge the surety on a sealed instrument. Chapman v. McGrew, 20 Ill. page 101; Chidester et al. v. S. & I. S. E. R. W. Co., 59 Ill. 87.

An obligation by an instrument under seal can not be discharged by parol. Davy v. Prendergast, 5 B. & A. 187; Bulteel v. Jarroad, 8 Price, 467; Trent Navigation Co. v. Harley, 10 East, 34.

Where two or more persons enter into a contract of a continuing nature, one of them can not, by his own act, discharge himself from liability and put an end to the contract, without the consent of the other, unless there is an express power of defeasance reserved to him. 1 Addison on Cont., Sec. 361.

LACEY, J. This was a suit on a voluntary bond given by the appellants Gould & Hugg as principals, and by the other

appellants, D. F. and D. H. Barclay, as sureties, to appellee, as trustees of the patrons of the Blackberry Cheese Factory. The bond is in the penal sum of $3,000, conditioned "that if the above bounden Gould & Hugg, their heirs, etc., shall well and truly pay or cause to be paid unto the said patrons of the Blackberry Cheese Factory, or their heirs, etc., the just and full sums of the monthly dividends declared by the said Gould & Hugg to their Blackberry patrons for milk delivered thereat, and shown by their books to be said patrons' due, then this obligation to be void and of no effect." Dated April 24, 1882. The suit was brought for the use of some twenty-eight of the patrons of the factory named in the declaration as usees. The declaration shows that the factory was continued to be operated by Gould & Hugg till March 20, 1885, and that "the said usees" were patrons of the said factory and delivered to it milk during the months of January, February and March, 1885, in large quantities, etc., and that said Gould & Hugg declared them dividends thereon, to wit, (setting out the several amounts claimed to be due to the said usees,) which had not been paid. The defense set up was that as to the usees the factory was not conducted on the dividend plan, which was that the butter was to be made from the milk and sold by Gould & Hugg, after deducting a price, four cents per pound, for butter, for manufacturing and selling; the balance was divided among the several patrons *pro rata* according to the quantity of the milk furnished by each. That the amount found to be due each patron was called a dividend, which was paid monthly by said Gould & Hugg; that the said usees for the three months above named entered into a different arrangement with Gould & Hugg in regard to the compensation for their milk, and contracted with them for an absolute sale of their milk to them for a certain sum to be paid by them irrespective of what their milk would actually produce and that the amounts claimed in the declaration are not amounts due for any dividends for milk so delivered to said Gould & Hugg, to be manufactured on the dividend plan, but was sold to them for a stipulated sum. The cause was tried by the court without a jury and the court found for the appellees for the pen-

alty of the bond and $1,847.19 damages, being the amount due on dividends, so called, to a large number of patrons.

Upon the evidence it is claimed by appellants that Gould & Hugg did not continue for the said months of January, February and March, 1885, on the dividend plan, but agreed to pay the same price that was paid to like patrons at a certain factory at La Fox and that this was virtually an absolute sale of the milk to Gould & Hugg.

It is also complained that the court erred in refusing the 2d and 3d propositions of law asked by appellants to be held as the law governing the case. We think the court did not err in refusing the propositions. What will or will not amount to a sale is a matter of fact to be determined from the evidence and it depends on the intention of the parties to the transaction whether it will amount to a sale or not. Callaghan et al. v. Meyers, 89 Ill. 566; Moses Straus et al. v. Minzesheimer, 78 Ill. 492; Hunt v. Eldridge, 5 Ill. App. 529. What is a sale is a matter of fact to be deducted from the evidence. At best, if true, the propositions were conclusions of fact. So far as the court found for the appellees we think the evidence justified the finding that there was no sale. It appears that most, if not all, the patrons for whose claims the judgment was rendered only requested the proprietors (Gould & Hugg) to make as good dividends as at La Fox, and that the proprietors agreed to do so if they could and if they could not they would notify the patrons. Many of the patrons did not know of any such arrangement and none of them knew that their dividends would amount to more than actual receipts. By the bond the securities were to pay the dividends that the principals declared on their books, and unless there was fraud in the rendering of the books participated in by the patrons to be affected, the securities are bound by the entries of the dividends. But it is plain that where a sale was made of the milk, as several patrons did, the bondsmen would not be liable for the amounts due such patrons on account of such sales. Another point is made by appellants that too large a judgment has been rendered with reference to the breaches assigned in the declaration. Upon examination we find this objection well taken. Several

of the uses whose names appear in the declaration and for whose amounts breaches were assigned, failed to recover. A number of patrons for whose claims no breaches were assigned in the declaration were allowed their amounts in the estimate of damages. This appears plainly from the list of patrons furnished us by counsel for appellees in his brief, with the amounts due each, and whose amounts were, no doubt, estimated in making up the damages, the whole corresponding exactly with the amount of the damages assessed by the court. By comparison of the names with the uses named in the declaration it is found many of them are not named in it and breaches for their amounts not assigned.

For this error the judgment of the court will have to be reversed. The judgment is therefore reversed and the cause remanded to the court below.

*Reversed and remanded.*