## VIRGINIA B. LOCHNITT

### v.

## CHARLES STOCKON ET AL.

*Replevin—Writ of* Retorno—*Impeachment of Witness—Dismissal of Suit—Parties—Evidence.*

1. In an action of replevin brought to recover a lot of fence rails, this court holds that it was proper, after a certain witness had been interrogated upon cross-examination as to statements and promises he had made with reference to the property in question, to allow him to be contradicted for the purpose of impeaching his testimony.

2. A plaintiff in replevin, without title. may properly be ordered to return the property to the person from whom it was taken. although he was simply in possession thereof in the right of its owner.

3. When an action of this sort brought against several p rsons results in a judgment against all but one of them, the omission to bring him into court upon appeal by the rest, amounts to a dismissal of the suit as to him.

[Opinion filed January 21, 1889.]

APPEAL from the Circuit Court of Christian County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. JAMES M. TAYLOR, for appellant.

Messrs. A. MCCASKILL, J. C. MCBRIDE, J. C. CREIGHTON and J. G. DRENNAN, for appellees.

WALL, P. J. This was replevin by appellant against the appellees, commenced before a justice of the peace, w here the judgment was for plaintiff as to Stockon and Hewitt,

and against the plaintiff as to Hill.    Stockon and Hewitt
appealed, and the case was tried *de novo* in the Circuit Court.
The omission to bring Hill into court on the appeal and
trying the cause in that condition, amounted to a dismissal of
the suit as to Hill.    Callaghan v. Myers, 89 Ill. 566.    There
was a verdict for defendants, and a judgment for costs, and
for a writ of *retorno habendo*, from which an appeal is pros-
ecuted to this court.    The property in suit consists of a part
of the rails in controversy in the case of Stockon v. Lochnitt,
decided at this term [*ante*, p. 214].

After that suit had been brought and while it was pending
this case was commenced.

Stockon, having obtained the rails under the writ of replevin
in that case, they were left temporarily upon the premises of
Hewitt, who, however, claimed no interest in them.

Stockon claimed them in behalf of Hill, his landlord, as
stated in that case.

It is objected that the court erred in permitting Bennett
Lochnitt to be interrogated on cross-examination as to state-
ments made by him as to the ownership of the rails by Hill,
and his promise to return them, and then allowing the defend-
ants to contradict him as to these statements.    This was for
the purpose of impeachment, and we think the matters so
inquired of were sufficiently connected with his statements in
chief, and with the point in dispute, to wit, the ownership of
the property, to warrant the admission of the impeaching testi-
mony.    These statements called for by the cross-examination
were not collateral or irrelevant.

It is objected, next, that the verdict is contrary to the evi-
dence.    We think it is not, to the extent necessary to justify
the interference of an appellate court.    The evidence was
conflicting, but there was enough to support the verdict, and
it was for the jury to reconcile it and to give the greater
weight to such portion as was to them most convincing.

It is urged, also, that it was error to award a return of the
property.    We need not repeat what was said on a similar
question in the other case.    Here, as in that, the ownership
was the main question; all pleas which would present that
question are presumed to be interposed, and the finding was

against the plaintiff.  The jury, no doubt, were convinced the property was not in the plaintiff, but was in Hill, who had been made a party to the suit, and in whose favor there was a judgment before the justice of the peace.  While it is true the other defendants had no ownership, yet they had possession when the present suit was brought, and were holding in the right of Hill.  It is but just and proper that the plaintiff, if she could not maintain her claim, should be required to make return, and this is precisely what the statute says shall be done.  Vose v. Hart, 12 Ill. 378; King v. Ramsay, 13 Ill. 619; Underwood v. White, 45 Ill. 438; Constantine v. Foster, 57 Ill. 38; McNamee v. Bradley, 69 Ill. 299; Wills on Replevin, Sec. 492–3.

It is not necessary to consider the cross-errors.

*Judgment affirmed.*