Gould v. Warne.

*Appeal denied.*

C. W. GOULD ET AL.

V.

JOHN WARNE ET AL.

*Former Adjudication—Omission of Interest from Judgment—Possible Error, when Immaterial.*

1. Decision in same case on former appeal, 27 Ill. App. 651, followed.
2. Where plaintiff was entitled under the statute, to interest on his claim, but such interest was not included in the judgment, an objection

raised by the defendant, appellant, to the amount of the judgment, the part objected to being less than the interest due but not included in the judgment, may be ignored by this court.

[Opinion filed August 3, 1891.]

APPEAL from the Circuit Court of DeKalb County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. SHERWOOD & JONES and BOTSFORD & WAYNE, for appellants.

It is a universal rule of construction that a surety can not be bound beyond the express and literal conditions of his undertaking. He has a right to stand upon the very terms of his contract. Miller v. Stewart, 9 Wheat. 680; Field v. Rawlings, 1 Gill. 581.

Any agreement between the principal and his creditors by which the terms of a bond are changed without the assent of the sureties, releases the sureties from liability. Cunningham v. Wrenn, 23 Ill. 64; Burt v. McFadden, 58 Ill. 479; Dodgson v. Henderson, 113 Ill. 360.

The measure of the liability of sureties is fixed by the terms of the instrument they sign, and such undertaking can not be enlarged or varied by judicial construction. Their undertaking will be construed as the words used are ordinarily understood. Mix v. Singleton, 86 Ill. 194; Phillips v. Singer Mfg. Co., 88 Ill. 305; People v. Tompkins, 74 Ill. 482; Burgett v. Paxton, 15 Ill. App. 380.

A surety is not held beyond the precise words of his undertaking, and in case of doubt as to his liability, the doubt is generally, if not necessarily, solved in his favor. Stull v. Hance, 62 Ill. 52; Adams v. People, 12 Ill. App. 380.

Messrs. CHARLES WHEATON and W. R. S. HUNTER, for appellees.

Whatever estops the principal in a case like this, estops the surety.

In McCabe v. Raney, 32 Ind. 399, it was held, that any act of the principal which estops him from setting up a

Gould v. Warne.

defense, personal to himself, operates equally against his sureties. To the same effect is Stovall v. Banks, 10 Wall. 383; Baker v. Preston, 1 Gilmer (Va.), 235. In the last case it was decided that the books were conclusive evidence against the treasurer and his sureties.

In U. S. v. Girault et al., 11 How. 27, it was held that the principle and surety were equally estopped from setting up a defense.

In the case of Cawley et al. v. The People, 95 Ill. 249, the same principle was laid down as was laid down in the case of Chicago v. Gage.

In that case the court says: "While the liabilities of sureties are to be strictly construed, it is not the duty of courts to aid them to escape liability by a technical and hypercritical construction."

In that case the court holds that the books were proper evidence of the state of the accounts against the principal and against the sureties. The court says: "We are unable to imagine what would be better evidence against him and his sureties. The entries in the books were made by him, or by his bookkeeper, under his direction or supervision. No one can believe that he would permit improper charges to stand against him uncorrected on his books, nor that he did not examine them to see they were correct. And we are aware of no other means by which he could be as fairly charged as by his own books, if honestly kept, and he surely would not claim they were unfairly kept against himself."

The same principle is decided in Roper v. Sangamon Lodge, 91 Ill. 518, where the sureties were held equally with the principal to be estopped from denying the statements of the principal as to the condition of his accounts with the lodge.

LACEY, P. J. This is an action of debt commenced in the Kane Circuit Court by John Warne, William Beith and Moses Gates, who sue for the use of William Taylor, Ed. Taylor, Winfield G. Smith, Stuart Wilkinson, John W. Hunt, Michael Tierney, Philip T. Bartholomew, Elisha Warne, Moses C. Gates, O. E. Root, Aaron Whitney, Charles Moulding,

Thomas McNair, L. E. Bartlett, Robert Alexander, N. Rasmussen, Clark Anderson, J. Eliason, J. Crosby, Thomas Jones, Frank Gaunt, Patrick Scully, D. McDonald, Bradford Richmond, George D. Smith, G. W. Warne, J. E. Bartlett William Reeves, George Reeves, J. C. Johnson, John Warne, L. R. Reed, L. Richmond and A. D. Richmond, against C. W. Gould, Ed. Hugg, D. F. Barclay and D. H. Butler.

This action is predicated on a bond executed by the said Gould and Hugg as principals, and by said Barclay and Butler as sureties, dated April 24, 1882, in the penal sum of $3,000, conditioned as follows:

"The conditions of this obligation are such that if the above bounden Gould & Hugg, their heirs and administrators, or either of them, shall well and truly pay or cause to be paid unto the said patrons of the Blackberry Cheese Factory, or their heirs or assigns or administrators, the just and full sum of the monthly dividends declared by the said Gould & Hugg to their Blackberry patrons for the milk delivered thereat, and shown by their books to be paid patrons due, then this obligation to be void and of no effect."

At the date of this bond the defendants Gould & Hugg were the owners of and conducting a cheese factory at Black, berry, in said Kane county, on what is known as the "dividend plan." The usees, with others, were, or subsequently became patrons of the factory.

The proprietors of the factory received the milk of these patrons at their factory, manufactured it into butter and cheese, and were paid for manufacturing and selling, four cents per pound for butter and two cents per pound for cheese. After the product was disposed of and the money received therefor, the proprietors deducted the costs of manufacturing, etc., and divided the net proceeds of the product among these patrons in proportion to the milk furnished by each. Gould & Hugg, in order to insure a prompt and faithful accounting for this property put into their hands, executed the bond in question, with the condition as above set forth.

On the trial in the court below, the appellees claimed that

the usees herein, who were the patrons of the milk factory, had by agreement with the proprietors, Gould & Hugg, changed the agreement with them to furnish the milk on the dividend plan and agreed to receive for their milk an amount equal to the declared dividends at another factory, called the LaFox, and hence this amounted to a sale.   On the other hand it was claimed by appellees, usees, that no change had been made by any agreement with them.

The case was tried by the court without a jury, who accepted the theory of counsel for appellees as to the liability of the appellants for milk furnished, and gave judgment against the appellants for the penalty of the bond and damages in the sum of $1,807.25.   The case is now appealed to this court, assigning as errors such finding by the court and the rendition of the judgment.   This is the same case that was here once before, wherein the same causes for error were assigned that are now assigned and one in addition.   The judgment was at that time reversed and the cause remanded because there was a recovery in favor of certain usees not named in the declaration; but the claim of the present claimants (usees) herein was sustained by this court.   The case will be found reported in 27 Ill. App. 651.

In our former opinion we passed on all the objections then and now made adversely to the claim of the appellants.   One of the main grounds relied upon here for reversal, to wit, that appellees were allowed more than the dividends agreed on, was decided adversely to appellants when the case was here on former appeal; but in addition to that and as another ground for holding against appellants on that point we have to say that if the judgment is in excess of the dividends according to the dividend plan and was made upon the books of Gould & Hugg on the basis of the LaFox dividends, yet the claim of appellees had been due at the time of the rendition of the judgment on a written contract for over five years, upon which, under the provisions of our statute, they were entitled to interest at the rate of six per cent per annum, which in that time would amount to over thirty per cent in the aggregate, and the judgment, even if based on the

LaFox plan by Gould & Hugg in their estimates, would not be as much by a considerable amount as appellees were entitled to receive if interest had been allowed on the amount due strictly according to the dividend plan.    The judgment can not, therefore, be excessive.

For the reasons here given and those given in our former opinion, the judgment of the court below is affirmed.

*Judgment affirmed.*