## H. M. Smith v. Hyde Park Portland Cement Paving Company.

1. APPEAL FROM JUSTICE'S COURT—*Effect of Proceedings on Defendants Not Appealing.*—Where a portion of the defendants to a suit before a justice of the peace appeal, and the plaintiff proceeds to trial against those appealing, without bringing the other defendants into court by

Smith v. Hyde Park Portland Cement Paving Co.

service of process, such proceedings will operate as a dismissal of the suit as to such defendants.

**Memorandum.**—Assumpsit.    Appeal from justice's court.    In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.    Trial by the court; finding and judgment for plaintiff; appeal by defendant.    Heard in this court at the October term, 1894, and affirmed.    Opinion filed November 12, 1894.

WEIGLEY, BULKLEY & GRAY, attorneys for appellant.

MANN, HAYES & MILLER, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Before a justice, the appellee recovered judgment against the appellant and his mother for building a sidewalk; having no cause of action against her, and he alone appealed.

In the Superior Court the appellee dismissed the case as to her, she not having been summoned, nor having appeared.

The brief of the appellant says:

" The real points of contention in this case are :

First.    Under the statute the Superior Court had absolutely no right or jurisdiction to proceed with the trial of this cause until the defendant not appealing had been summoned.

Second.    This walk was not built according to agreement.

As to the first point the bill of exceptions shows, as does the record proper, that the case was submitted to the court for trial without a jury, and no delay was asked."

It is true that the bill of exceptions shows that the appellant moved " the court to strike said cause from the short cause calendar," and excepted to the denial of the motion, but it nowhere appears that the cause was on any calendar of any kind.

There being no case against the mother, the suit was properly dismissed as to her.    Secs. 39 and 40, Ch. 79, R. S.; Sec. 24, Ch. 110, R. S.    The theoretical objection that this course leaves the judgment of the justice in force against her, is

answered by Callaghan v. Myers, 89 Ill. 566, where it is held that, even without dismissing the absent defendant, trying the cause against the one appealing, produces the same result as to summon in and dismiss the other.

On the other point the bill of exceptions does not show any finding by the court, or motion for new trial by appellant, and of course, no exception upon either. The judgment is affirmed.