## James W. Long v. Bernhardt J. Frank.

### Gen. No. 11,489.

1. COMMON-LAW RECORD—*what not part of.*  A written appearance filed in the trial court is not a necessary part of the common-law record.

2. APPEARANCE—*need not be evidenced by writing.*  A party may personally appear and submit to the jurisdiction of the trial court, and the mere fact that the record on appeal does not contain a written appearance does not raise a presumption that the party did not so appear and submit to such jurisdiction.

3. APPEARANCE—*presumption as to.*  Where it does not appear by the record filed upon appeal that a party appeared in a cause personally or otherwise, the fact of such appearance will be presumed where essen-

tial to the jurisdiction of the court to enter an order sought to be reviewed for lack of jurisdiction to enter.

4. APPEAL—*when all parties to action commenced before justice need not be brought in upon.* Even if the statute of 1872, which required that all parties to a cause commenced before a justice must be brought into court upon appeal from a judgment entered by such justice, be in force, yet such statute has not now and never had application to actions of tort.

Action of replevin. Error to the Circuit Court of Cook County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed November 28, 1904.

JOHN STIRLEN, for plaintiff in error; WILLIAM CHONES, of counsel.

WINDES & BROWN, for defendant in error; PETER J. ELLERT and MATTHEW J. HUSS, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

On April 17, 1899, Bernhardt J. Frank began an action of replevin before Olaf F. Severson, a justice of the peace of Cook county, against Julius Moses, James W. Long and Mamie Corcoran (misdescribed until a subsequent amendment as Mamie Coughlin). All parties defendant were finally personally served. The property described in the writ was demanded of them and they refused to return it. On May 1, 1899, the suit was tried before Justice Severson, and after the evidence was heard the suit was dismissed on motion of the plaintiff as to the defendant Julius Moses, and a judgment in trover for $200 and costs was entered by the justice against James W. Long and Mamie Corcoran.

On May 20, 1899, James W. Long took an appeal from this judgment before the justice, filing his appeal bond with said justice. On August 24, 1899, the appeal bond of Long and the transcript from the justice's docket, with the other papers in the case, were filed in the clerk's office of the Circuit Court. No summons was issued from the Circuit Court to any other party to said suit. On June 27, 1901, the cause being called for trial and the defendant Long failing to prosecute his appeal, an order was entered by the

Circuit Court dismissing the appeal at the said defendant's costs, with *procedendo*.

On June 15, 1903, Long entered his motion in the Circuit Court to set aside the order dismissing his appeal, and the judgment for costs against him in said Circuit Court, and said motion was overruled and denied. At the same time an order was entered on motion of the attorney for Frank, amending all papers and proceedings " herein " " by discontinuing as to defendant Mamie Corcoran without costs." From both the orders—the one denying the motion to set aside dismissal and judgment, and the one allowing plaintiff Frank to discontinue against Mamie Corcoran—the defendant Long prayed an appeal to this court, which was allowed. This appeal was not perfected, but by writ of error the record in the cause in the Circuit Court was brought by Long to this court in October, 1903. In this court the plaintiff in error assigns as error, in various forms, the dismissal by the Circuit Court at his costs of the appeal on June 27, 1901, and the refusal on June 15, 1903, by said Circuit Court of his motion to vacate said order of dismissal and said judgment.

With the portion of the order of June 15, 1903, which provided " that all papers and proceedings herein be and the same are hereby amended by discontinuing as to defendant Mamie Corcoran without costs," this court has nothing to do. Whether it was error on the part of the Circuit Court to make such part of the order, and whether it had jurisdiction in June, 1903, to do so, although apparently suggested in plaintiff in error's argument as relevant questions, are plainly of no consequence in this proceeding. The question really is, was the order of dismissal and judgment entered June 27, 1901, within the power and jurisdiction of the Circuit Court at the time it was made? No reason is given or suggested why said order and judgment should be considered improper or erroneous, if the court had jurisdiction at the time to enter them; but the reliance of the plaintiff in error is wholly on the proposition that such jurisdiction did not exist. If the order of

June 27, 1901, was not erroneous, it follows, of course, that the refusal of the Circuit Court on June 15, 1903, to vacate or set it aside was proper.

The plaintiff in error urges that under a section of the statutes of Illinois concerning Justices and Constables—which section he quotes in his argument as "Section 180 of Chapter 79 of Hurd's Revised Statutes"—the Circuit Court in which an appeal from a justice of the peace is pending obtains no jurisdiction over the case unless all the parties to the judgment are brought in, either by personal or constructive service or appearance filed, and that there was no such service on or appearance of Mamie Corcoran in this cause on June 27, 1901.

The clause of the statute in question is section 70 of "An Act to provide for the election and qualification of Justices of the Peace and Constables, and to provide for the jurisdiction and practice of Justices of the Peace in civil cases and fix the duties of Constables, and to repeal certain Acts therein named," approved April 1, 1872, and in force July 1, 1872. It is as follows:

"When an appeal shall be taken by one of several parties from the judgment of a justice of the peace, the clerk of the court shall issue a summons against the other parties, notifying them of the appeal in said court, and requiring them to appear and abide by and perform the judgment of the court in the premises, which summons shall be served as other process is served in appeal cases, and in case such summons shall be returned that parties are not found, the cause shall at the first term of the court be continued, but at the second term may be tried, and the court shall have power to give the same judgment as though all the parties to the judgment had joined in the appeal, unless the appearance of the appellee shall be entered as herein provided."

On June 26, 1895, the Legislature of Illinois passed, and on July 1, 1895, there went into effect an Act entitled "An Act to revise the law in relation to Justices of the Peace and Constables." It is divided into 18 articles, and contains an aggregate of 176 sections. It purports to be a code governing the practice before justices of the peace, their jurisdiction, and the election, tenure and duties of jus-

tices and constables.   Article 10 treats of appeal and *certiorari*, and contains the provision that "one or more of several plaintiffs or defendants may appeal or sue out a certiorari without the consent of the others, and all further proceedings shall thereupon be stayed, the same as if all had united in such appeal or certiorari;" but it does not contain section 70 of the Act of April 1, 1872, nor anything similar thereto.

The Act of June 26, 1895, does not contain any specific or general repealing clause, and because of the view which we take of other matters involved in this clause, we are not called upon to express our opinion as to whether this revision of the law concerning justices left in force this section in question of the law of 1872.

Counsel for defendant in error make no point in their brief or argument upon the effect of this revision, although it is evident that if the section in question has been repealed by implication, there is no basis for the claims of plaintiff in error in this cause.

Since the passage of the Act of 1895, the Branch Appellate Court has, in at least two cases—Ernst v. Friedl, 93 Ill. App. 5, and Counselman v. Sullivan, 101 Ill. App. 307—treated the section as still in force.   But in neither case was the point raised, and we desire again, as we did in Gormley v. Hartray, 105 Ill. App. 628, to call attention to the fact that we are not to be understood to be expressing, by implication or otherwise, an opinion that the section involved is now the law of Illinois.   But, as we have indicated, our view is, that even on the hypothesis that it is still the law, the plaintiff in error can not successfully maintain his contention here.

The statute, it is urged by the plaintiff in error, prevents jurisdiction of the appeal in the Circuit Court except upon certain conditions as to the presence or attempted bringing in of co-defendants or co-plaintiffs of the appellant.   But the appearance of the co-defendant Mamie Corcoran in this case would certainly have obviated this objection, and there is nothing in this record which shows that such appearance

was not entered. Although another section of the statute of April 1, 1872, not appearing in the Act of June 26, 1895, provides "that the appearance of the appellee (in an appeal from a justice of the peace) may be entered in writing and filed among the papers in the case," we know of nothing which makes a written appearance a necessary part of the record for this court, nor of any rule which forbids or renders impossible such a personal and common-law appearance of a co-defendant at the time the case is called for trial, as without any writing would be a submission to the jurisdiction of the court.

Intendments are made in favor of sustaining the jurisdiction of the lower court when it can be properly done; and it seems to us that if the appearance in the cause in the Circuit Court of the co-defendant Mamie Corcoran were necessary to make the order of June 27, 1901, an exercise of power within the jurisdiction of that court, it will be presumed, in the absence of any bill of exceptions showing the contrary, that such appearance was made. Ficklin v. Olmsted, 72 Ill. App. 334; Bowlan v. Lambka, 57 Ill. App. 334; Singer Mfg. Co. v. May, 86 Ill. 398. But be this as it may, and even if the absence from the record in this court of such an appearance were to be taken as conclusive that such appearance had not been made, there is still a reason why, although the section of the statute in question should be assumed to be in force, it would not sustain the case of the plaintiff in error.

The Supreme Court has said that the section in question does not apply to proceedings in tort, for the reason that if the co-defendants in such cases were brought into court under it, the plaintiff could dismiss against them and take judgment against the appellant. "The law," that court said in Callaghan v. Myers, 89 Ill. 566, "never required the performance of a useless act, and it would have been such to have had McLane" (the co-defendant) "served and then have dismissed as to him." See, also, in this court, Lochnitt v. Stockton, 31 Ill. App. 217; Smith v. H. P. Portland Cement Paving Co., 55 Ill. App. 283; Olsen v. Stark, 94 Ill. App. 560.

There is no merit in the contention of the plaintiff in error that there is any distinction between the jurisdiction of the Circuit Court in a given case, to try the case on the merits against the defendant appealing, and its jurisdiction to dismiss his appeal with costs against him for want of prosecution. This, indeed, the plaintiff in error seems, in other parts of his argument, to admit, resting his case on the proposition that when the court dismissed the appeal it had absolutely no jurisdiction of the case—a contention which the Supreme Court has negatived in Callaghan v. Myers, *supra*.

The points above discussed being more than sufficient to dispose of the case, it is unnecessary to consider whether or not other positions of the defendant in error concerning the inapplicability of the statutory provision involved, are or are not well taken.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*