**Albert E. Klaproth, for use of Robert H. Weyman et al., Defendants in Error, v. Louis Greenberg, Plaintiff in Error.**

## Gen. No. 14,270.

1. REPLEVIN—*what presumed in suit upon bond.* In an action upon a replevin bond the jurisdiction of the court to make disposition of the replevin suit will be presumed in the absence of a showing to the contrary.

2. REPLEVIN—*character of action upon bond.* An action upon a replevin bond for failure to return pursuant to the writ *retorno*, is one sounding in tort.

3. REPLEVIN—*what defense to action upon bond.* In an action upon a replevin bond (the replevin action having been dismissed for want of prosecution), the merits of the replevin action may be shown to defeat the recovery of more than nominal damages.

Tort. Error to the Municipal Court of Chicago; the Hon. FREE-MAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

LOUIS GREENBERG, for plaintiff in error.

F. M. LOWES, for defendants in error; THOMAS MAR-SHALL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on a replevin bond given by defendant, Greenberg, a constable, for failing to restore a certain baby grand piano, taken under a writ of replevin, in which the bond sued upon was given. Greenberg refused, upon demand made therefor under a writ of *retorno habendo,* to deliver the piano to plaintiffs. A trial resulted in a judgment in debt $400, the penalty of the bond, with damages assessed at $350.

It is first insisted that the court was without jurisdiction to enter the judgment or proceed to a trial of the cause, because there was no proof in the record that any of the defendants, other than Greenberg, had been either summoned or appeared in the replevin suit, which was an appeal from a judgment rendered by a Cook county justice of the peace; that section 64, chapter 59, R. S., made the summoning of the other defendants imperative to the acquirement of jurisdiction by the court, so that it could proceed in the cause.

The effect of this statute upon the case at bar, if it were in force, would be immaterial in the conclusion to which we have come on this review. Lacking anything in the bill of exceptions to the contrary, it will be presumed that the co-defendants of Greenberg were before the court either by service of summons or by voluntary appearance. All intendments necessary to sustain the jurisdiction of a court of record are to be indulged. Such court will not be adjudged to be

without jurisdiction from any negative fact in the record, but if such court is without jurisdiction of any of the parties, it must be made affirmatively to appear. Bradley v. Drone, 187 Ill. 175; Matthews v. Hoff, 113 *ibid.* 90; Ficklin v. Olmstead, 72 Ill. App. 334.

But were the rule otherwise, we could not hold that the court was without jurisdiction from another phase of the matter. This was an action of tort. Where each is liable for the tortious conduct of all, that one or all may be proceeded against, at the election of the injured party, and a cause commenced against all may, before or upon the trial, be discontinued as to all but one of the defendants. It has been held by the Supreme Court that the section in dispute has no application to tort actions. So that whether Greenberg's co-defendants were summoned or appeared, is of no moment. The rule is clearly stated in Long v. Frank, 117 Ill. App. 207, where the authorities supporting the rule are cited. This case is, on this point, "on all fours" with the case at bar.

It is disclosed by the record that the merits of the controversy in the replevin suit, in which the bond sued upon was given, were not tried or determined; that the replevin suit was dismissed for want of prosecution, as shown by the record of the Superior Court. Under section 26, chapter 120, R. S., Greenberg had the right to try the merits of the replevin suit in the action upon the replevin bond. It was therefore prejudicial error for the court to refuse to admit evidence tendered by him to support the merits of the replevin action. As between Greenberg, the constable, and the Weymans, the receipt of the Weymans for the piano taken under the replevin writ was evidence tending to support the right of Greenberg to the possession of the piano, and on failure to receive the same upon demand to gain possession through the aid of a writ of replevin. The receipt showed that the Wey-

mans received the piano from Greenberg to hold for him as his custodians; that the same had been surrendered to Greenberg as constable and taken by him under an execution issued upon a judgment obtained by the Illinois Milk Co. against R. H. Weyman before a Cook county justice of the peace. The receipt, uncontradicted, constituted evidence tending to support Greenberg's right to the possession of the piano.

The evidence as to the value of the piano was admissible. R. H. Weyman, who bought and paid for it, being a householder, was sufficiently qualified himself to testify as to such value. In these modern times a piano is an article of domestic furniture necessary in most families, and bought by the householder in about the same way as he purchases his other household goods. Sinamaker v. Rose, 62 Ill. App. 118.

For the error in failing to admit as evidence the receipt of defendants for the piano in question, the judgment of the Municipal Court is reversed and the cause remanded for a new trial conformable to the views above expressed.

*Reversed and remanded.*